## STARK, Adm'r. *v.* STINSON.

Nothing less than an express promise to pay will revive a debt discharged by a decree in bankruptcy.

Partial payments are not evidence, from which a new promise can be inferred in such cases.

ASSUMPSIT, for money paid. It was agreed, that on the twentieth of March, 1837, the defendant, W. Perley and D. Tenney, borrowed three hundred dollars of the town of Dunbarton, for which they gave their note. J. Perkins and the plaintiff's intestate, signed this note as sureties only, having received no part of the money. The plaintiff's intestate, subsequently gave a mortgage to secure the note.

In 1842, the defendant, Perley, and Tenney, were discharged, as bankrupts.

The defendant, before his discharge, had made some small payments, and after obtaining his discharge he made the following payments on the note, namely: March 11th, 1843, $6.00; February 26th, 1844, $14.00; March 10th, 1845, $10.00; March 8th, 1847, $18.00, and March 1st, 1849, $20.00, and these payments were endorsed on the note. When these payments were made, the defendant said nothing of paying the note, or of his not intending to pay it, or of not being holden upon it, or of being discharged. He afterwards told the agent of the town, that he had only fifty dollars of the money, (which is admitted to be the fact,) that he had paid that, and the interest, and should pay no more.

March 20th, 1850, the plaintiff being called upon by the town,

paid the balance of the note, and commenced this action to re-
cover the amount.

If upon these facts, the plaintiff would be entitled to a ver-
dict, judgment is to be rendered in his favor; otherwise for the
defendant.

D, Steele, Jr., for the plaintiff.

Pierce, for the defendant.

BELL, J.   The defendants and the other two principals on
this note were discharged as bankrupts in 1842.   The plaintiff's
intestate, was a surety only, and the debt was paid by the plain-
tiff in 1850.   The debt was absolute and unconditional, as well
as due and payable, at the time the defendant obtained his dis-
charge.   That discharge was final, not only as to the original
payee, but as to the sureties; there being no objection suggest-
ed as to its validity.   Mace v. Wells, 7 How. Rep., 272; Van
Sandan v. Crosby, 3 B. & A., 13; S. C., 2 Moore, 602.

This action then, cannot be maintained against the defendant,
unless his liability has been revived by what he has done since
he obtained his discharge.   So far as the case shows, he has said
nothing, by which his liability is in any way revived.   But after
his discharge he made five small payments upon this note, and
he has since stated that he received but fifty dollars of the mon-
ey, and that by those payments, he had refunded all the money
he received and the interest.   It is agreed that these statements
are true.

The question now is, whether these partial payments upon a
debt thus discharged, are in law a new promise to pay the debt,
or whether they constitute evidence, which may be laid before
a jury, and from which a jury may infer a new promise to pay
the debt.

As to the first of these questions, we take it to be clear, that
such payments are not in point of law, a new promise, nor the
equivalent of a new promise; and that even in the case of an
outlawed debt, they have never been deemed more than evidence,

from which a new promise may be inferred. *White* v. *Jordan,* 14 Shep., 370 ; *Gowan* v. *Foster,* 3 B. & A., 511.

In the case of a debt barred by the statute of limitations, partial payment is always evidence of a new promise to pay the balance. *Exeter Bank* v. *Sullivan,* 6 N. H. Rep., 124. But in the case of an infant, though his promise to pay a debt contracted during his minority, will bind him if made after his full age, (*Aldrich* v. *Grimes,* 10 N. H. Rep., 194 ; *Orvis* v. *Kimball,* 3 N. H. Rep., 314,) particularly if made to a surety, (*Hoit* v. *Underhill,* 10 N. H. Rep., 220,) yet it has never been held, that a payment of part, without more, afforded any evidence of a promise to pay the residue. *Smith* v. *Mayo,* 9 Mass. Rep., 62 ; *Martin* v. *Mayo,* 10 Mass. Rep., 137 ; *Thompson* v. *Say,* 4 Pick. Rep., 48 ; *Wilcox* v. *Roath,* 12 Conn. Rep., 550 ; *Thrupp* v. *Fielder,* 2 Esp. Ca., 628 ; Selw. N. P., 112, note.

In the same manner, though it is held, that a bankrupt is morally bound to pay his debts, notwithstanding his discharge, still nothing less than an express promise to pay has been held sufficient to bind him. *Lynburg* v. *Weightman,* 5 Esp. Ca., 198 ; *Fleming* v. *Hayne,* 1 Stark., 370, and the cases of *Lawson* v. *Eastman,* and *Underwood* v. *Eastman,* decided in Grafton county, August term, 1847 ; *Brown* v. *Collier,* 8 Humph., 510 ; *Porter's admr's.* v. *Porter,* 31 Maine Rep., 169, cited 14 Law Reporter, 565.

*Judgment for the defendant.*