MARY E. TOMPKINS, Respondent, *v.* BYRON E. HAZEN, Appellant.

BANKRUPTCY — INSUFFICIENT NEW PROMISE IN WRITING TO PAY DISCHARGED DEBT. The oral declarations of a discharged bankrupt, coupled with letters written by him to his creditor, which, standing by themselves, contain no promise in writing to pay a note discharged in bankruptcy, do not, under chapter 324 of the Laws of 1882, constitute a subsequent or new promise in writing to pay the note, and a motion for a verdict upon the ground that a new promise to pay the debt, as required by law, had not been proved, is broad enough to raise the question of the sufficiency of the promise under the statute.

*Tompkins* v. *Hazen*, 30 App. Div. 359, reversed.

(Submitted October 16, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 7, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Fiero* for appellant. To be valid and binding a new promise to pay a debt discharged in bankruptcy must be express, distinct, unambiguous, certain and unconditional

and in writing, and as one of such nature was not established here, the court improperly denied the motions to direct a verdict for the defendant and to dismiss the complaint. (*Scheper* v. *Briggs*, 28 App. Div. 115; *Kiernan* v. *Fox*, 43 App. Div. 58; *Bush* v. *Barnard*, 8 Johns. 407; *Wait* v. *Morris*, 6 Wend. 394; *Yates* v. *Hollingsworth*, 5 H. & J. 216; *Brown* v. *Collier*, 8 Humph. 702; *Mason* v. *Hughart*, 9 B. Mon. 480; *La Tourette* v. *Price*, 28 Miss. 702; *Samuel* v. *Cravens*, 10 Ark. 380; *Sherman* v. *Hobart*, 26 Vt. 60.)

*Frederick S. Barnum* for respondent. The point raised by the appellant for the first time on the appeal to this court, that it was necessary for the defendant to charge himself in writing, cannot prevail. No defense was made to this action in the pleadings, or at any stage of the case, that the promise was not made in writing. In the motion for a nonsuit no claim of this kind was made, and it is too late for the appellant to derive any advantage from it now. (*Ayrault* v. *Bank*, 47 N. Y. 576; *Walsh* v. *Kelly*, 40 N. Y. 556; *Magee* v. *Badger*, 34 N. Y. 247; *Chamberlain* v. *Pratt*, 33 N. Y. 47; *Hunt* v. *Maybee*, 7 N. Y. 273; *Page* v. *Willet*, 38 N. Y. 28; 128 N. Y. 581; 109 N. Y. 308; 94 N. Y. 51; 87 N. Y. 512; *Post* v. *M. Ry. Co.*, 125 N. Y. 698; *Reich* v. *Cochran*, 151 N. Y. 129.)

BARTLETT, J. In May, 1867, the defendant made and delivered to the plaintiff his promissory note for four hundred dollars, payable one day after date, with interest at seven per cent.

On the 17th day of August, 1872, the United States District Court for the southern district of New York, sitting in bankruptcy, discharged the defendant from all debts and claims provable under the Bankrupt Act. This discharge covered the note in suit.

This action is based upon the theory that the defendant thereafter made a valid new promise to pay the note. After a jury trial a verdict was rendered against the defendant. The

judgment entered upon this verdict for $1,105.33 has been affirmed by the Appellate Division in the second department, the presiding justice dissenting.

Two principal questions were discussed on this appeal: Has the defendant executed such a new promise in writing, signed by him, as to satisfy the statute (Chap. 324, Laws of 1882)? Assuming this question was not properly raised at the trial, can defendant's oral declarations, coupled with certain letters written by him, be regarded as constituting a new promise to pay this indebtedness?

As to the first question, the statute provides (Chap. 324, Laws of 1882): "That no subsequent or new promise hereafter made by any person duly discharged in bankruptcy to pay any debt so discharged in bankruptcy shall revive such debt against the person so discharged, unless such subsequent or new promise shall be contained in some writing signed by the person to be charged thereby."

The defendant's counsel insists that the motion made by him at the close of plaintiff's case and renewed when all the evidence was in is sufficient to raise the question of the statute. The motion is as follows: "I move for direction of a verdict in favor of the defendant upon the proofs. They have failed to prove a new promise, as required by law, or to prove any transaction on the part of the defendant that would make him responsible or liable to pay this debt, which was barred by the discharge in bankruptcy."

This motion, which insisted plaintiff had not proved a new promise as required by law, is broad enough to raise the question of the statute we have quoted, and, while it does not appear to have been discussed by the trial judge in his charge or in the opinion of the Appellate Division, must be regarded as in the case.

There was no attempt by the plaintiff to show a compliance with the statute on the part of defendant.

The new promise sought to be established rested in conversations between plaintiff and defendant and several letters written by defendant to plaintiff, which, standing by them-

selves, contained no promise in writing to pay the note discharged in bankruptcy.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.