DANIEL STERN

*v.*

BRADNER SMITH & CO.

*Opinion filed February 21, 1907.*

1. BILLS AND NOTES—*one promising, after discharge in bankruptcy, to pay note is liable.* One who, after his discharge in bankruptcy, promises to pay a note which was included among the debts from which he was discharged is liable therefor, and an instruction to that effect is not erroneous because it uses the word "promised" alone, without stating that it was a definite, express, distinct and unconditional promise.

2. SAME—*a purpose to protect security cannot be inferred from mere fact of payment of interest.* Payment of interest upon a note, secured by a trust deed, after the maker had been discharged from liability thereon in a bankruptcy proceeding, does not, of itself, raise an inference that such payment was made to protect the real estate security.

3. EVIDENCE—*what must be shown to sustain claim that the title was not divested by bankruptcy proceeding.* In a suit on a note begun after the maker has passed through a bankruptcy proceeding, the fact that the record of the pending suit does not show that a trustee in bankruptcy was appointed does not justify defendant's contention that the title to the real estate upon which the note was secured was not divested by the proceeding, and that his subsequent payment of interest on the note was to protect his title, since, if no appointment was in fact made, the defendant must prove that fact in order to establish his contention.

4. BANKRUPTCY—*a promise to pay interest-bearing note in full includes interest.* A promise by the maker of an interest-bearing

note, after he has been discharged in a bankruptcy proceeding, to
pay the note in full or the debt in full, revives the debt on the
original consideration, and covers not only the principal of the note,
but also the interest due.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. CHARLES M. WALKER,
Judge, presiding.

This is an action in assumpsit brought by the appellee,
against the appellant, in the circuit court of Cook county, to
recover the amount due on a promissory note reading as fol-
lows:

"$5000.                              CHICAGO, *August 12, 1892.*
    "On or before two years after date, for value received, I prom-
ise to pay to the order of Bradner Smith & Co. the sum of five thou-
sand dollars, at their office, with interest thereon at the rate of six
per cent per annum, payable semi-annually.
    "This note is secured by a trust deed to Charles M. Smith, trus-
tee, of even date herewith, on real estate in Chicago, S. ½ of Lot 7,
Blk. 24, Bushnell's addition to Chicago, 413 Dearborn avenue, and is
to bear interest at the rate of seven per cent per annum after ma-
turity.
                                          DANIEL STERN."

When the case was submitted to the jury the evidence
showed that interest due at the rate of $300 a year was paid
on the note (semi-annually) in full each year, up to and in-
cluding 1900. The note was introduced in evidence, with
the payments of interest, and appellant thereupon offered in
evidence a discharge in bankruptcy by the United States Dis-
trict Court for the Northern District of Illinois, showing
that he had filed the petition in that court asking for dis-
charge of all his debts existing on September 27, 1899, in-
cluding this note, and that an order discharging him from
those debts was entered in that court October 6, 1900. It was
agreed that a part of the interest on the note for the year
1899 and all the interest for 1900 was paid after the petition
in bankruptcy was filed. Evidence was also offered by ap-

pellee tending to show that appellant, after the petition in bankruptcy had been filed, promised to pay the debt in full. This promise was denied by appellant. A verdict was returned in favor of the plaintiff assessing its damages at $6418.36, and judgment rendered thereon. On appeal taken to the Appellate Court the judgment of the circuit court was affirmed, and the case was thereupon appealed to this court.

DAVID K. TONE, and RALPH F. STERN, for appellant.

C. H. STEVENSON, and P. H. BISHOP, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the close of all the evidence, and before the case had been argued, counsel for appellant asked to have the jury instructed to find for the defendant. This was refused, and this ruling is urged as error.

Under the statute, as construed by this court, all controverted questions of fact are settled by the judgment of the Appellate Court when it approves the verdict of the jury. This court has held many times, that on instructions to find for the defendant the only thing that can be reviewed in this court is whether there is any evidence fairly tending to support the plaintiff's cause of action. In such case we cannot consider the weight of the testimony. (*Chicago and Eastern Illinois Railroad Co.* v. *Snedaker,* 223 Ill. 395, and cases there cited.) As there was evidence fairly tending to support the plaintiff's cause of action we can only consider in this case whether the law was properly applied as to the admission and exclusion of evidence and in the giving of instructions.

Appellant insists that the giving of the first instruction for appellee was prejudicial error. That instruction reads:

"The jury are instructed that if they believe, from the evidence, that after the defendant received his discharge in bankruptcy he *promised* the plaintiff that he would pay it

the amount then remaining unpaid upon the note which has been introduced in evidence, then the jury should find the issues for the plaintiff."

It is argued that the new promise must be definite, express and distinct; that the promise cannot be conditional unless the proof shows that the condition was accepted or complied with. This we understand to be the law. Collier on Bankruptcy,—5th ed.—p. 217; Brandenburg on Bankruptcy,—3d ed.—sec. 391.

It is contended that this instruction must stand or fall by itself; that as it practically directs a verdict it cannot be taken in connection with the series of instructions in order to find its meaning, but must embrace all the facts essential to a recovery upon the theory on which the case is tried. (*Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608.) It is claimed that this instruction does not comply with the rule laid down in the authority last cited because it does not say that the promise must be distinct, express, and not based on a condition. We do not so understand the meaning of the word "promised." The word, standing by itself, without any modifying words, means a distinct, express, unambiguous and unconditional promise. It means a declaration made by one person to another, for a good or valuable consideration, by which the promisor binds himself to do or forbear some act, and gives to the promisee a legal right to enforce a fulfillment. To promise is to agree. (23 Am. & Eng. Ency. of Law,—2d ed.—p. 231.) To the same effect are the Century Dictionary and other standard authorities as to the meaning of this word. The instruction would not have been made any clearer in expressing the idea contended for by appellee if there had been inserted before the word "promised" the words "directly, unequivocally, expressly and without condition." Standing by itself, the instruction states within its "four corners" all of the essential facts necessary to be proved, under the pleadings in this case, for the plaintiff to recover. It is true that other instructions given for the ap-

pellant set out, in terms, that the promise must be clear, direct, unequivocal and without condition. These do not in any way conflict with the instruction here under discussion but are in entire harmony therewith. Nothing is said in any of the authorities cited by appellant on this question, when these authorities are weighed and considered in the light of the special facts under consideration in each case, that in any way conflicts with this holding.

Complaint is made of the refusal of certain instructions asked on behalf of appellant. These instructions attempted to set out certain evidence offered in his behalf on the trial below which tended to show that he and his attorney had certain conversations with a representative of the appellee, wherein appellant offered to appellee to give a new note for the old debt, provided appellee would return certain certificates of stock which it held and in which appellant was interested. H. T. Smith, treasurer of appellee company, testified that a few days after appellant's petition in bankruptcy was filed he had a talk with appellant, in which the latter said he wished to go through bankruptcy mainly to get rid of some notes which he had endorsed for his brother, but that such course would not affect his indebtedness to appellee; that he would pay that debt in full, considering it one of honor; that this promise was repeated by appellant to the witness on several occasions when they met, sometimes the statement being that he would pay the note in full or that he would pay the debt in full. Appellant testified that he never, at any time or place, promised to pay the note, but that he had attempted to get a conditional settlement. However, he and his lawyer, who testified for him, both admit that the conditional offer of settlement was never accepted by the appellant. In view of this fact the refusal of these instructions in the form they were drawn, attempting to set out this conditional offer, could not have harmed appellant. All of these instructions were objectionable also on the ground that they isolated facts and called attention to them,—a practice which has often

been condemned by this court as calculated to mislead the jury. *Weston* v. *Teufel,* 213 Ill. 291, and cases there cited.

The claim on behalf of appellant that the payment of interest on the note after the petition in bankruptcy was filed was to protect the real estate mortgaged to secure it cannot have the effect, on the issues, here contended for, as the bankruptcy proceedings divested appellant of his title to the real estate in question. There is no evidence that these payments of interest were made for that purpose, and no such inference can be drawn from the mere fact of payment.

Appellant's contention that the title to this property was not divested because there is nothing to show the appointment of a trustee in the bankruptcy proceedings, and that such appointment was prerequisite to the divesting of the title, cannot avail. There is nothing in the record to indicate whether there was or was not such appointment. The law requires it, and the burden was upon appellant to prove that no such appointment was made. This being the case, there was no error in refusing instruction 13 for appellant.

Appellant also complains that the court refused to permit him to answer certain questions with reference to the new promise made with reference to this $5000 note. It is clear from the questions that were asked and answered that this testimony had already been fully gone over, as the trial court said, and therefore there was no error in refusing to allow him to re-state it.

It is next insisted that the verdict is excessive; that the face of the note was for only $5000 and that the new promise was only to pay the note in full, while the judgment is for principal and interest. As we have heretofore stated, the testimony tends to show that in the course of the conversations testified to, appellant promised to pay the debt in full or the note in full. If he paid the debt in full or the note in full, as will be seen by reading the copy of the note set out in the statement of the case, he must have promised to pay both principal and interest. The interest made payable by

such a contract is as much a part of the debt as is the principal. (16 Am. & Eng. Ency. of Law,—2d ed.—999-1073.) Manifestly, under all well considered authorities, the effect of the new promise revives the debt barred by the discharge. The original cause of action is not destroyed by the bankruptcy proceedings. The debt is revived on the original consideration. A debt discharged is not a debt paid, as the moral obligation remains and is held by all the authorities to be a sufficient consideration for a new promise. (Collier on Bankruptcy,—5th ed.—p. 217.) The debt is due in conscience though discharged in law. This moral obligation, uniting with a subsequent promise by the bankrupt to pay the debt, gives a right of action. (Bump on Bankruptcy,—11th ed.—p. 716.) This court has held that the only effect of the discharge in bankruptcy is to suspend the right of action against the bankrupt in person,—it does not annul the original debt of the debtor. No one can plead the discharge except the bankrupt himself, and he may, if he chooses, waive the right or avoid it by a new promise. *Mallin* v. *Wenham,* 209 Ill. 252, and cases there cited.

There is nothing in *Allen & Co.* v. *Ferguson,* 18 Wall. 2, cited by appellant, that in any way conflicts with the decisions of this court on the effect of the discharge in bankruptcy and the nature of the promise to revive such a debt.

We find no reversible error in the admission or exclusion of testimony nor in the giving or refusal of instructions.

As there was evidence in the record which fairly tended to prove that a new promise had been made by appellant which revived the debt, after the proceedings in bankruptcy had been commenced, the judgment of the Appellate Court on these facts is conclusive upon this court. The judgment of that court will therefore be affirmed.

*Judgment affirmed.*