[No. 15937. Department Two. January 7, 1921.]

## PETER VACHON et al., Respondents, v. XAVIER DITZ, Appellant, J. KOEBSCH, Defendant.[1]

APPEAL (418)—REVIEW—FINDINGS—ACTIONS AT LAW TRIED WITHOUT JURY. Findings of the trial court, sitting without a jury, will not be disturbed on appeal where there is a sharp conflict in the evidence, the trial court having seen the witnesses and observed their appearance and manner of testifying.

LIMITATION OF ACTIONS (72)—ACKNOWLEDGMENT — PART PAYMENT —PERSONS BY WHOM MADE. The statute of limitations commences to run against an account from the date of the last payment thereon, even though the parties to be charged went through voluntary bankruptcy and thereafter acknowledged the debt and made a payment thereon and thereafter orally, in clear and unequivocal language, promised to pay the balance of such indebtedness.

BANKRUPTCY (17) — DEBTS DISCHARGED — PART PAYMENT — NEW PROMISE—SUFFICIENCY. A new promise made after the filing of a petition in bankruptcy will revive the debt charged, where a clear unequivocal oral promise is made by the party to be charged.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 21, 1919, upon findings in favor of the plaintiff, in an action upon an open account, tried to the court. Affirmed.

*Farrell, Kane & Stratton,* for appellant.

*Kerr, McCord & Ivey* (*Wm. Z. Kerr,* of counsel), for respondents.

TOLMAN, J.—This action was brought by respondents as plaintiffs against the appellant Ditz, and one Koebsch, to recover upon an open account for goods

[1]Reported in 194 Pac. 545.

sold and delivered to them as co-partners, doing busi-
ness under the name of Koebsch & Ditz. Koebsch was
not served with process, and did not appear in the
action. Ditz defended, and after a trial to the court
sitting without a jury, judgment was rendered against
him, from which he appeals.

The trial court found that the partnership, of which
appellant was a member, between April 22, 1908, and
May 27, 1908, purchased merchandise from respond-
ents and became indebted to them on that account in
the sum of $1,621.05; that there had been paid and
credited on such indebtedness $697.50 by the co-part-
nership, and that the last item entering into such credit
was paid on September 16, 1911.

The transaction took place in Alaska, where all of
the parties then resided, and the statutes of the Terri-
tory of Alaska having been pleaded, the court found
that the Alaska statute of limitations applicable would
not bar an action on the account until the expiration
of six years from the time the cause of action accrued,
and that the time of the running of the statute must
be computed from the date of the last payment. The
court further found that the defendant co-partnership,
and its members individually filed a petition in volun-
tary bankruptcy in the United States District Court
of the Territory having jurisdiction, and such proceed-
ings were had as resulted in the discharge of the co-
partnership, and the co-partners individually, from all
debts provable in bankruptcy which existed on the 5th
day of May, 1909. No dividends were paid to creditors
in such proceedings. And further, the court found
that, in June, 1912, and again in June, 1915, and on a
number of other occasions within six years immedi-
ately prior to the institution of this action, appellant
Ditz orally promised respondents, in clear and un-

equivocal language, that he would pay the balance of such indebtedness.

There is an unusually sharp conflict in the evidence, and this appears to be peculiarly a case where the trial court, having seen the witnesses and observed their appearance and manner of testifying, had a decided advantage over this court, limited as it is to the written record; but, having studied that record and weighed all of the evidence as carefully as it is possible for us to do, we are satisfied that it does not preponderate against the findings of the trial court, and we therefore cannot disturb them.

The facts found dispose of the defense of the statute of limitations, because the action was commenced within six years from the date of the last payment; and that payment having been made by the co-partners, or by one with the consent and by the authority of the other, neither can now claim the protection of the statute.

It is vigorously contended that the action was barred by the discharge in bankruptcy, and it seems to be well settled that a partial payment made thereafter will not revive a debt discharged in bankruptcy. Remington, Bankruptcy, § 2716. It appears to be equally well settled, however, that a new promise made after the filing of the petition will revive the debt, and that such promise, if it be clear, distinct and unequivocal, is sufficient, even though it be oral. Remington, Bankruptcy, § 2718; 3 R. C. L. 326. The facts found on this issue dispose of this defense also. The judgment of the trial court is affirmed.

Holcomb, C. J., Mount, Mitchell, and Main, JJ., concur.