## Meyer W. Koletsky *vs.* Joseph Resnik.

Third Judicial District, New Haven, January Term, 1926.

Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

A new promise to pay a debt discharged by bankruptcy stands upon a different footing than a new promise to pay a debt barred by the statute of limitations. The latter will be inferred from circumstances, such as a part payment, but the former must be express and must evince a clear intention on the part of the debtor to bind himself to the payment of the debt.

If a new promise to pay a debt discharged by bankruptcy is conditional or contingent, it does not become binding until it is accepted by the creditor and until the condition is fulfilled or the contingency occurs.

The creditor's acceptance of the promise will be implied if it is beneficial to him or if he acts upon it, as by bringing suit thereon.

In the present case, the plaintiff offered evidence to prove that the defendant, after his adjudication in bankruptcy, promised to pay the plaintiff's debt "dollar for dollar as soon as he got back into the business." *Held* that the trial court's instruction to the jury that the promise must be a "clear, distinct and unequivocal recognition and renewal of the debt," while technically correct, was inadequate in that it failed to bring to the jury's attention the conditional and contingent nature of the defendant's promise and its effect upon the plaintiff's right to recover.

The complaint relied upon the new promise of the defendant as reviving the plaintiff's debt and contained no allegation that the debt itself was created by fraud, embezzlement, etc. *Held* that evidence offered by the plaintiff to prove that the debt was the result of improper dealings by the defendant with partnership assets, was beyond the issues raised by the pleadings and was not admissible either to affect the credibility of the defendant or to establish the probability that he had made the new promise as alleged.

Argued January 21st—decided April 8th, 1926.

ACTION upon an alleged new promise by a bankrupt after his adjudication to pay an indebtedness later discharged, brought to the Court of Common Pleas for New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for plaintiff for $2,040 and appeal by the defendant. *Error and new trial ordered.*

*Robert J. Woodruff* with whom was *Arthur Klein* for the appellant (defendant).

*Joseph Koletsky* for the appellee (plaintiff).

CURTIS, J. The complaint alleges that the defendant was adjudicated a bankrupt in the District Court of the United States in Connecticut, on December 12th, 1922, and on April 5th, 1923, was granted a discharge in bankruptcy; and that at the time of the adjudication the defendant was indebted to the plaintiff in

the sum of $2,450. The complaint further alleged that after the adjudication the defendant promised to pay the plaintiff the debt of $2,450, and has paid the plaintiff thereon $643. The answer admitted the prebankruptcy indebtedness and denied the other allegations, and alleged that the defendant was discharged in bankruptcy on April 5th, 1923.

Upon this state of the pleadings the case on the trial turned upon the allegation and denial of a new promise to pay the admitted prebankruptcy debt of $2,450. The claim of the defendant, that the court erred in denying his motion to set aside the verdict, rests upon the claim that under the evidence the jury could not reasonably have found that there was a new promise to pay the prebankruptcy debt of $2,450.

A careful survey of the evidence discloses that the only statement in the nature of a definite new promise in relation to the old debt, made by the defendant which could have been reasonably found by the jury, was a statement by the defendant that he promised to pay the indebtedness of the plaintiff dollar for dollar as soon as he got back into business. The question for our decision is, does such a promise, if proved, revive a debt discharged by bankruptcy? It is a conditional or contingent promise; in effect it is saying, If I get back into business I will pay you the indebtedness. A conditional or contingent promise must be accepted by the creditor to make it binding, and it must be proved that the condition has been performed or that the contingency has arisen. The acceptance of a conditional or contingent new promise by the promisee may be implied if it is beneficial to him, or if he acts upon the promise as by bringing suit thereon. Collier on Bankruptcy (1923) Vol. 1, pp. 644, 646; 47 Am. B. R. 704.

This promise was beneficial to the creditor and justi-

fies the implication of his acceptance. The condition or contingency attached to the promise is that the creditor will pay the debt if he goes back into business; the fact that he has gone back into business must appear before the promise is enforceable.

The plaintiff claims that a promise "to pay dollar for dollar as soon as he got back into business" should be construed to be an absolute promise to pay and not a contingent promise. It is to be borne in mind that "a different rule prevails [as to a new promise] in case of a debt discharged in bankruptcy from that applied to" a new promise to remove the bar of the statute of limitations. "In the latter case" part payment "is regarded as an acknowledgment of the . . . debt, and the law implies a promise to pay the residue. But in the case of a debt discharged in bankruptcy a promise cannot be inferred, but must be express, and so all the cases agree that partial payments will not revive the debt. . . . 'Nothing,' said Judge Hunt, in *Allen & Co.* v. *Ferguson,* 18 Wall. [85 U. S.] 1, 3, 'is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt.' " *Lawrence* v. *Herrington,* 122 N. Y. 408, 414, 25 N. E. 406; *Harrington* v. *Davitt,* 220 N. Y. 162, 115 N. E. 476; Collier on Bankruptcy (1923) Vol. 1, p. 643.

The fundamental purpose of the Bankruptcy Act is "to relieve an honest debtor from the weight of oppressive . . . obligations," and to restore him "to business activity, in the interest of his family and the general public." Collier on Bankruptcy (1923) Vol. 1, pp. 6, 7.

In order to avoid the danger of imperiling such purpose by the interpretation of the spoken words of bankrupts, many States have enacted statutes to the effect that a new promise to revive a debt discharged

in bankruptcy must be proved by a written promise. Such a statute does not exist in this State, and the common law does not require such proof. Collier on Bankruptcy (1923) Vol. 1, p. 644.

The plaintiff, as appears by his citation in his brief of *Norton* v. *Shepard*, 48 Conn. 142, as supporting his claim, relies on the law applied to a new promise removing the bar of the statute of limitations, as being equally applicable to a new promise reviving a debt discharged in bankruptcy. In *Norton* v. *Shepard*, the debtor said: "I will pay it as soon as possible"; this was held to remove the bar of the statute of limitations, but the same language applied to a debt discharged in bankruptcy would be a contingent promise not enforceable unless it was proved that the debtor had become able to pay the debt.

The defendant claims that the court erred in this charge to the jury: "In order to constitute such new promise, however, there must be a clear, distinct and unequivocal recognition and renewal of the debt as a binding obligation, as distinguished from a mere expression of hope or expectation, but if such new promise is in fact made, liability therefor exists, even though the promise be an oral promise, for as a matter of law such promise need not be in writing, but may be by parol. You have heard the testimony offered by both parties in this case upon the subject of the claimed new promise of the defendant, and if from all of it and in view of all of the facts and circumstances surrounding the case, and in view of the law as given you by the court, you are satisfied that the plaintiff has sustained the burden of proof which the law places upon him, to establish by a fair preponderance of the evidence his claim that after the defendant was adjudicated a bankrupt a new promise was in fact made by him to pay to the plaintiff the debt in question,

then you would be justified in returning a verdict for the plaintiff; but if on the other hand you should not be so satisfied, your verdict should be for the defendant."

This charge is technically correct, but in view of the claim made as above as to the effect of a promise to pay the plaintiff dollar for dollar as soon as he (the defendant) got back into business being an absolute promise to pay, the jury, without specific instruction as to the effect of such a contingent promise, were in fact left without guidance, except the general direction that the promise must be a "clear, distinct and unequivocal recognition and renewal of the debt as a binding obligation."

We think the general instruction was not adequate guidance to the jury in view of the testimony in the case. It should have been supplemented by instructions relating to a conditional or contingent promise.

There remains for consideration questions raised by the appellant as to the admission of evidence. The complaint, although alleging that the defendant was indebted to the plaintiff in the sum of $2,450 when he went into bankruptcy, appears to attempt to allege an indebtedness of such a nature that a discharge in bankruptcy would not cancel it, as provided in § 17 of the Act, which provides that debts created by fraud, embezzlement, etc., of the debtor are not discharged.

The record discloses that the plaintiff tried his case upon the theory that the debt alleged was one that would be cancelled by a discharge, but that it had been revived by a new promise. No claim was made on the trial that the debt was one which a discharge in bankruptcy would not cancel. However, throughout the trial the plaintiff sought to prove that the defendant (his one-time partner in the pawn brokerage business) had conducted himself improperly in dealing with the

unredeemed pledges of such partnership. The plaintiff claimed that if he satisfied the jury of such fact the defendant would be deemed by them, because of such improper conduct, as unworthy of credit, and that it would be probable that he would make a new promise to pay such indebtedness as he owed the plaintiff. A provision of the partnership agreement is that the defendant shall be entitled to eighty per cent. of the amount in unredeemed articles sold for above the amount pledged, and that twenty per cent. shall be paid to the plaintiff. And such agreement contained this provision: "It is hereby agreed that Joseph Resnik, if he desires not to sell any unredeemed pledge, shall be given the option in place thereof, to pay the aforesaid 20 per cent. of the amount exceeding the amount pledged, based upon a fair market wholesale value of the second-hand article to Meyer Koletsky personally and retain the unredeemed article." These provisions left the unredeemed pledges in such an uncertain condition that where, as here, the parties admit an indebtedness, and no claim is made that there was an indebtedness due the plaintiff which a discharge would not cancel, no evidence as to unredeemed pledges should be deemed admissible, as relevant to discredit or otherwise affect the defendant. The admission of such, evidence was likely to so prejudice the jury against the defendant as to make a fair and impartial trial impossible.

We are of the opinion that the plaintiff, by alleging in his complaint an indebtedness and dealing with it on the trail as one that would be cancelled by a discharge and revived by a new promise, could not properly be permitted to show, as facts relevant to the question of the credit of the bankrupt and the probability of the bankrupt having made a definite new promise, facts in relation to the bankrupt's dealings

with unredeemed pledges in his partnership relations with the plaintiff. Such matters are too far afield from the essential allegations of the complaint, to wit, that the defendant made a new promise to pay the plaintiff's debt. The plaintiff should have been more strictly confined to the proof of his debt and a new promise in relation thereto. The rulings on evidence to the contrary were erroneous.

There is error and a new trial is ordered.

In this opinion the other judges concurred.