## NANNIE PAGE WILLS v. NANCY JANE MURPHY et al.

Middle Section. April 9, 1926.

No petition for Certiorari was filed.

1. **Bankruptcy. Upon the appointment and qualification of a trustee, title to all bankrupt's property vests in the trustee.**
   Upon the appointment and qualification of a trustee the title to the bankrupt's property including real estate and any interest therein belonging to the bankrupt, except such as is exempt, vests in such trustee.

2. **Fraudulent conveyances. After trustee appointed in bankruptcy, he alone can maintain action to recover property.**
   After an adjudication of bankruptcy and the appointment of a trustee, the trustee is the only person who has any right to maintain an action to set aside a sale or conveyance of property by the bankrupt on the ground that it was fraudulent as against creditors.

3. **Evidence. Appointment of a trustee in bankruptcy will be presumed.**
   Where the record does not show whether a trustee was appointed it will be presumed that after the institution of a bankruptcy proceeding, a trustee was appointed thus divesting the bankrupt's title to real estate.

4. **Fraudulent conveyances. A creditor cannot maintain a suit to set aside fraudulent conveyance after bankruptcy.**
   In an action to set aside a conveyance as fraudulent where the party had been discharged in bankruptcy and filed and pleaded his discharge, held

T. A. Vol. II—28.

that a creditor was not entitled to prosecute a suit to set aside the fraudulent conveyance and ignore the adjudication in bankruptcy.

**5. Bankruptcy. Discharge from bankruptcy cannot be attacked collaterally.**
The order of discharge from bankruptcy cannot be questioned or attacked collaterally in any other court, either state or Federal, except for want of jurisdiction, even on the ground of fraud in obtaining it, or for wilful concealment of assets, or for lack of notice of the petition, especially where notice by publication took place.

Appeal from Chancery Court, Davidson County; Hon. James B. Newman, Chancellor.

Affirmed and bill dismissed.

James H. Frazier, of Nashville, for appellant, Wills.

John J. Gore, of Nashville, for appellees, Murphy, et al.

CROWNOVER, J. This suit was instituted by appellant, Mrs. Wills, against her brother, his wife and the mortgagee, to set aside a fraudulent conveyance of a house and three lots in the city of Nashville. It was alleged in the bill that complainant had loaned to defendants, Murphy, $540, with which to erect a dwelling house on said vacant lots and that they had agreed to execute to her a mortgage on said property to secure her for the advancements; but that after the dwelling house was erected they refused to execute the mortgage and later executed a mortgage to their co-defendant, Mrs. L. A. Hale, to secure $900, and that on December 28, 1923, the defendant, T. C. Murphy, executed a conveyance of his undivided interest in said property to his wife, Mrs. Nancy Jane Murphy, for the consideration of $5 cash and for love and affection; and that thereafter, on July 24, 1924, he had filed a voluntary petition in bankruptcy in the United States District Court for the Middle Division of Tennessee, and had included complainant's claim in said bankruptcy proceedings; hence, this bill was filed to set aside said conveyance executed by defendant, T. C. Murphy, to his wife, Mrs. Nancy Jane Murphy, as the same was without consideration and was fraudulent as against complainant. The property was attached.

The defendant, T. C. Murphy, filed a plea setting up the fact that he had filed a voluntary petition in bankruptcy in the district court of the United States, for the Middle District of Tennessee, and that if complainant had any rights they should be litigated in that court. He later on pleaded that he had been adjudicated a bankrupt and filed a certified copy of the order of adjudication and discharge.

The defendant, Mrs. Nancy Jane Murphy, answered denying that she was liable for said indebtedness and had agreed to pay the same. She admitted that her husband had conveyed his in-

terest in said property to her. But her answer practically denied all other allegations of the bill.

The defendant, Mrs. L. A. Hale, answered that she had once held a mortgage on said property but alleged that all of the same had been paid, and denied that she had any claims against the property.

Only one deposition was taken, and the cause was submitted to the Chancellor, who decreed that the defendant, Mrs. Nancy Jane Murphy, was not personally liable for said indebtedness, and that as the defendant, T. C. Murphy, had pleaded his discharge in bankruptcy, he was released of said indebtedness, and he therefore dismissed the bill. The complainant excepted and has appealed to this court, and has assigned errors.

By an examination of the assignments of error, it will be seen that there is only one determinative question in this case, and that is whether the defendant's, T. C. Murphy's discharge in bankruptcy operates as a release of this debt sued on.

The record shows that the $540 was advanced by appellant to the defendant, T. C. Murphy, with which to erect a dwelling house on the vacant lots, and that he verbally agreed to secure said indebtedness by executing a mortgage on the property, but after the house was erected he executed his personal notes to the complainant and no mortgage was executed. He later paid several of said notes and there remains a balance of only $284 unpaid. The money was advanced in 1921 but the notes were not executed until Mar. 1, 1923, and were accepted by appellant. Mrs. Murphy did not sign the notes and there is no proof that she ever agreed to execute a mortgage or to pay the notes. As above stated, T. C. Murphy, filed his petition in bankruptcy in July 24, 1924. and included this claim. Shortly thereafter, on August 21, 1924, complainant filed this bill seeking to set aside said conveyance as a fraudulent conveyance, and alleging that a fraud had been perpetrated upon her. The defendant, T. C. Murphy, pleaded that he had been adjudicated a bankrupt and filed a certified copy of his discharge.

The record further shows that on December 28, 1923, before he filed his petition in bankruptcy, he conveyed his interest in said property to his wife for the consideration of $5 cash, and for love and affection. Were it not for the bankruptcy proceedings and discharge, complainant's right of action would be clear.

Creditors are entitled to institute suits for the recovery of property fraudulently conveyed, in the absence of a trustee, and to maintain the same until such trustee shall have been chosen, when he would be entitled to become a party plaintiff in the suit. See 2 Loveland on Bankruptcy (4 Ed.), p. 1042; 1 Remington on Bank-

ruptcy (3 Ed.), secs. 463-4; 2 Collier on Bankruptcy (13 Ed.), 1568; 7 C. J. 178; Frost v. Latham, 181 Fed., 866; Guaranty Title Co. v. Pearlman, 144 Fed., 550; In Re Schrom, 97 Fed., 760; In Re Vadner, 259 Fed., 614.

Upon the appointment and qualification of a trustee the title to the bankrupt's property including real estate and any interest therein belonging to the bankrupt, except such as is exempt, vests in such trustee. 7 C.J. 113-115.

"After an adjudication of bankruptcy and the appointment of a trustee, the trustee is the only person who has any right to maintain an action to set aside a sale or conveyance of property by the bankrupt on the ground that it was fraudulent as against creditors." 7 C.J. 177.

Under the facts in this case complainant had no lien on the property on account of advancing the money, and the bill is not filed with that point in view. The bill was filed for the purpose of setting aside the conveyance because it was voluntary and without consideration. A decree for the money advanced is asked, and the court is asked to set aside the conveyance as it is fraudulent and that his interest in the property be subjected to the payment of the decree. It merely asks for a personal judgment.

An adjudication of bankruptcy does not divest the bankrupt of the title to his property, but the appointment of a trustee is necessary for that purpose. 7 C.J., 90, sec. 153, and also p. 108, sec. 177.

The record does not show whether a trustee was appointed, but in the absence of proof to the contrary, it will be presumed that, after the institution of a bankruptcy proceeding, a trustee was appointed, thus divesting the bankrupt's title to real estate. See Stern v. Smith, 225 Ill., 430, (116 Am. State Reps., 151).

It follows that we hold that a creditor has no right to prosecute a suit to set aside a fraudulent conveyance and ignore an adjudication in bankruptcy, as we must presume in the absence of proof that a trustee was elected. If a trustee was elected then the title to this property went to the trustee and he alone had a right to file such a bill.

The only other question is whether the complainant's debt was provable in bankruptcy and not included in the exceptions set out in the bankruptcy statute. If so, then it is released by the discharge in bankruptcy. See 2 Loveland on Bankruptcy (4 Ed.), p. 1351.

"The discharge is valid although the petition was filed to avoid a particular debt. The order of discharge cannot be questioned or attacked collaterally in any other court, either state or Federal, except for want of jurisdiction, even on the ground of fraud in

obtaining it, or for wilful concealment of assets, or for lack of notice of the petition, especially where notice by publication took place." 2 Loveland on Bankruptcy (4 Ed.), pp. 1349 and 1350; 7 C. J. 417, sec. 739.

After an examination of the record and complainant's evidence, we are of the opinion that there was no fraud in obtaining this money from appellant. At most it was obtained upon a promise to in the future execute a mortgage, but it appears that this was afterward abandoned and appellant took the individual notes of the defendant, T. C. Murphy, without a mortgage, and he was permitted to pay on this indebtedness along for more than a year after the notes were executed; hence, we cannot see that he has perpetrated a fraud on her in obtaining the money, within the exceptions of the bankruptcy statute, hence, his discharge in bankruptcy released this debt.

It results that the assignments of error must be overruled and that the judgment of the lower court in dismissing the bill is affirmed. The cost of the cause, including the cost of the appeal, is decreed against the appellant and the sureties on the prosecution bond, for which let execution issue.

Faw, P. J., and DeWitt, J., concur.