[No. 20288. Department One. May 12, 1927.]

RUSSELL PARKER, *Respondent*, v. GEORGE E. SMITH, *Appellant*.[1]

[1] BANKRUPTCY (17)—DEBTS DISCHARGED—NEW PROMISE TO PAY. An oral promise to revive a debt, after discharge in bankruptcy, is sufficient if it is clear, distinct and unequivocal; and is sufficiently established by the testimony of a third person as to a promise at the time of making a payment, in connection with defendant's unsatisfactory explanation, and failure to assert the discharge when that would have been the ordinary conduct.

[2] SAME (17). An oral promise to pay a note, discharged in bankruptcy, revives the whole debt, including the stipulated attorney's fee in case of suit.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered January 21, 1925, upon findings in favor of the plaintiff in an action on contract. Affirmed.

*Holden, Shumate & Cheney*, for appellant.

*Rigg & Venables, Nat U. Brown*, and *J. C. Hauschild*, for respondent.

FULLERTON, J.—The respondent, Parker, brought this action against the appellant, Smith, seeking to recover upon a promissory note. The appellant denied liability upon the note, and pleaded affirmatively a discharge from the obligation by a proceeding in bankruptcy. The respondent replied to the affirmative plea by pleading a new promise to pay the debt, made subsequent to the discharge in bankruptcy. On the issues so framed, the cause was tried to the court sitting without a jury. The court found a new promise and entered a judgment in favor of the respondent for the amount due on the note, together with a sum al-

[1]Reported in 255 Pac. 1026.

lowed as a reasonable attorney's fee; the note providing for the recovery of such a fee should suit or action be instituted on the note.

The appellant discusses his assignments of error under two heads. He argues, first, that the evidence is insufficient to justify the finding of a new promise; and second, that the court erred in the allowance of an attorney's fee.

[1] The promise, to which the evidence on the part of the respondent points, was oral, but we have held, following the general holdings of the courts in that respect, that such a promise is sufficient to revive the debt, in the absence of an express statute requiring the promise to be in writing. *Vachon v. Ditz,* 114 Wash. 11, 194 Pac. 545. But we have also held that the promise to satisfy the rule must be clear, distinct, and unequivocal; *Vachon v. Ditz, supra; Coe v. Rosene,* 66 Wash. 73, 118 Pac. 881; Ann. Cas. 1913C 741, 38 L. R. A. (N. S.) 577; and it is said that the promise in this instance was not so, taking the testimony on the part of the respondent in that regard at its full worth. But, as we read the respondent's testimony, there was a clear, distinct, and unequivocal promise to pay the note, made after the discharge. The respondent made repeated efforts to collect the note, and testified that the appellant made a number of promises to pay it. He was not able to repeat the exact words used by the appellant in all of these instances, but, reading his evidence in its entirety, we can reach no other conclusion than that the promises were sufficient to comply with the rule.

Nor do we think the trial court found against the preponderance of the evidence on the question whether there was such a promise. The appellant at one time, in response to one of the demands of the respondent,

made a payment on the note, and at that time, in the presence of a third person, made a promise to pay the balance. True, the appellant denies the promises, and testifies with respect to the payment that it was made with respect to another consideration in no way connected with the note. But the explanation he gives of the transaction is not altogether satisfactory, even when read from the printed type, and the trial court said of it that it was "unreasonable . . . and would hardly bear close inspection." Moreover, the appellant himself, while testifying that he made no promise to pay the debt, did not testify that he ever told the respondent that he would not pay it. While this is not of itself sufficient to charge him, we think it lends support to the respondent's testimony that he did so promise. Sometimes it becomes a person's duty to speak, and, while the circumstances here presented may not have made this duty imperative, it is at once evident that, had he told the respondent, when the matter was first broached to him, that he would not pay the note and intended to rely upon his discharge, the controversy between them would have ended. To so state would have been the conduct of the ordinary individual, and failure therein lends no credence to his present contention, but, on the contrary, tends to support the other view.

[2] The question whether the court erred in its allowance of an attorney's fee depends upon the legal effect that is to be given to a promise to pay a debt discharged in bankruptcy. The courts are not in accord on the question. Some maintain that the promise creates a new obligation, which finds its consideration in the old debt, and that the cause of action rests upon the new promise and not on the old debt; while others maintain that the new promise but revives the old obli-

gation, and that the action rests upon the old obligation. In so far as we have spoken on the question, we have adopted the latter view (see the cases cited, *supra*), and we are content to accept the conclusion as final. Since, therefore, the new promise revived the old obligation, it revived it as a whole—the promise to pay a reasonable attorney's fee in the case of a suit to collect the note as well as to pay the indebtedness represented by the note,—and the allowance of an attorney's fee was without error.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, MAIN, and MITCHELL, JJ., concur.