[No. 21069.   Department One.   June 27, 1928.]

JAMES BRENNEN, *Appellant,* v. A. BOLOTIN,
*Respondent.*[1]

[1] BANKRUPTCY (17)—DEBTS DISCHARGED—NEW PROMISE TO PAY.
A finding that a bankrupt had not revived a discharged debt,
will be sustained where the evidence of the new promise is
not clear, distinct, and unequivocal.

Appeal from a judgment of the superior court for
King county, Beals, J., entered November 7, 1927, upon
findings in favor of the defendant, in an action on con-
tract, tried to the court.   Affirmed.

*William A. Gilmore* and *Leo W. Stewart,* for appel-
lant.

*Bausman, Oldham & Eggerman* and *Eimon L.
Wienir,* for respondent.

FRENCH, J.—Plaintiff, in his complaint, sets forth a
number of causes of action arising on promissory
notes.   By answer, the defendant admits the indebted-
ness and affirmatively pleads a discharge in bank-
ruptcy.   The plaintiff, by reply, alleged that clear, dis-
tinct, and unequivocal promises on the part of the
defendant had been made subsequent to the date of
the bankruptcy, whereby the defendant promised and
agreed to pay the plaintiff all the sums mentioned in
the complaint.   There was a judgment holding that
the plaintiff had failed to establish his cause of action,
and this appeal follows.

[1]   The law relative to the revival of a debt dis-
charged in bankruptcy has been considered by this
court in a number of cases, the leading case, and one
of the leading cases in the United States, being *Coe v.*

[1]Reported in 268 Pac. 1118.

*Rosene,* 66 Wash. 73, 118 Pac. 881, Ann. Cas. 1913C, 741, 38 L. R. A. (N. S.) 577, wherein we held that "a new promise must be clear, distinct and unequivocal as well as certain and unambiguous." This rule was followed by the later case of *Vachon v. Ditz,* 114 Wash. 11, 194 Pac. 545, and *Parker v. Smith,* 144 Wash. 24, 255 Pac. 1026.

The record in this case discloses that appellant and respondent had been very friendly for many years, and apparently they are still friendly. Appellant claims that a distinct promise to pay, which conformed to the rule we have above announced, was made, while respondent claims that he has many times expressed a wish, hope and desire that he might pay the claim, and still insists that, if he becomes financially able to do so, he will pay the claim. The record is short, containing less than one hundred pages, and has been carefully read. Excerpts might be taken therefrom which would seem to sustain the position of the appellant, and, on the other hand, other excerpts might be quoted which seem as strongly to sustain the position of respondent.

No good purpose could be served by quoting from this record. We deem it sufficient to say that we find that the evidence, taken in its entirety, does not preponderate against the findings of the trial court.

Judgment affirmed.

Fullerton, C. J., Parker, Tolman, and Mitchell, JJ., concur.