## Faulkner v. Commonwealth.

(Decided Nov. 30, 1934.)

W. J. STONE for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Section 1365 of the Kentucky Statutes reads:

"Whoever shall agree or promise to sell or purchase, for himself or another, directly or indirectly, for reward or profit, any office or employment of honor, trust or profit, or any deputation thereto, or any part or participation of the profits thereof, or any appointment or nomination thereto, or resignation thereof, or the consent or voice of any person to such appointment or nomination or resignation, shall be fined in a sum not less than fifty nor more than five hundred dollars."

Charged with the violation of this statute, appellant, Ceph Faulkner, was tried and convicted and his punishment fixed at a fine of $100, and he prays an appeal.

At the conclusion of all the evidence appellant moved for a peremptory instruction, and his motion was overruled. The correctness of that ruling is the only question to be determined.

The evidence appears in the bill of exceptions in narrative form. Don Cawthorn, the only witness introduced by the commonwealth, testified that he was an applicant for the position of teacher in the school district of which appellant was one of the trustees, and that during the conversation with appellant the latter asked him, "Will it be worth $100.00 to you to get your place another year in the Lone Jack School as a teacher?" This is the only evidence tending to show that appellant promised to sell for reward or profit the position of teacher in the school district of which he was one of the trustees. The question propounded by appellant did not amount to a promise within the meaning of the statute. In Hoskins v. Black, 190 Ky. 98, 226 S. W. 384, 385, it was said:

"A promise is an express undertaking or agreement to carry the purpose into effect; a declaration which binds the person who makes it, either in honor, conscience, or law, to do or forbear a certain specific act. It is a declaration which gives to the person

to whom made a right to expect or claim the performance of some particular thing.''

In Stern v. Bradner Smith & Co., 225 Ill. 430, 80 N. E. 307, 309, 116 Am. St. Rep. 151, ''promise'' is thus defined:

''The word, standing by itself, without any modifying words, means a distinct, express, unambiguous, and unconditional promise. It means a declaration made by one person to another, for a good or valuable consideration, by which the promisor binds himself to do or forbear some act, and gives to the promisee to legal right to enforce a fulfillment. To promise is to agree.''

In State v. Harker, 4 Har. (Del.) 559, the defendant was accused of violating an act imposing a forfeiture on any person who should give, offer, or promise any reward to any voter to influence him in giving his vote, and in defining the term, ''to promise any reward'' the court said:

''To promise it, is to make a declaration or engagement that it shall be given.''

In the instant case the evidence discloses no specific promise or offer on the part of appellant to sell the position of teacher. To constitute a violation of the statute the promise must, at least, be sufficiently explicit to be susceptible of acceptance. Negotiations, or mere representations of the accused, that may show his venal attitude are not alone sufficient. We conclude that the evidence was insufficient to authorize a submission of the case to the jury.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.