## ALPER v. REPUBLIC INV. CO.

### No. 6484.

United States Court of Appeals for the District of Columbia.

Argued Dec. 3, 4, 1935.

Decided Jan. 13, 1936.

Philip Wagshal, of Washington, D. C., for appellant.

Benjamin L. Tepper, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

In May, 1931, appellant made and delivered to Benjamin L. Tepper, as payee, his negotiable promissory note for $1,500. The note was payable in monthly installments of $40. After payment of approximately 35 per cent. of the debt, appellant filed his voluntary petition in bankruptcy, and thereafter was duly discharged. In his schedule of liabilities he listed the note in the name of Harry Himmelfarb, an officer and director of appellee, the then holder of the note. Appellee, however, had actual knowledge of the proceedings in bankruptcy and after the filing of the petition, and also after discharge, continued to receive from appellant monthly payments on account of the note. About a year after the discharge, payments were discontinued, and this action was brought to recover the balance unpaid.

The question is: Were the payments made after the filing of the petition, and likewise after discharge, sufficient to revive the debt or constitute a new promise to pay it? The lower court held that the facts we have mentioned constituted a new promise to pay the debt. We think this is not the rule. It was held in Allen & Co. v. Ferguson, 18 Wall. 1, 3, 21 L.Ed. 854, an action brought to recover on a debt discharged in bankruptcy, that partial payments thereafter do not operate as a new promise, nor do payments of interest revive the liability to pay the principal.

The reason of the rule is that the effect of a discharge in bankruptcy is to extinguish a pre-existing debt and not merely to bar the remedy. In order to revive a liability on a debt discharged in bankruptcy, there must be an express promise to pay the specific debt. A new promise cannot be implied or inferred. Or, as was further said in the Allen Case, supra: "Nothing is sufficient to revive a discharged debt [in bankruptcy] unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt."

Hence, the defense under bankruptcy goes much further than the defense under statutes of limitations; for in the latter case, except where a state statute imposes a different rule, payment of a part of the debt is regarded as an acknowledgment of the existence of the debt, and the law will imply a promise to pay the residue. But in the case of a debt discharged in bankruptcy a promise cannot be inferred.

As admittedly there is no evidence here of an express promise to pay, it follows from what has been said that the judgment below must be reversed. See Lawrence v. Harrington, 122 N.Y. 408, 414, 25 N.E. 406; Griel v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am.Rep. 733; Stern v. Bradner Smith & Co., 225 Ill. 430, 80 N. E. 307, 116 Am.St.Rep. 151; Tolle v. Smith's Ex'r, 98 Ky. 464, 33 S.W. 410; Stark v. Stinson, 23 N.H. 259; Tompkins v. Hazen, 165 N.Y. 18, 58 N.E. 762; Jacobs v. Carpenter, 161 Mass. 16, 36 N.E. 676; Vachon v. Ditz, 114 Wash. 11, 194 P. 545; Koletsky v. Resnik, 104 Conn. 311, 132 A. 898.

Reversed.