J. E. FIERCE, Receiver, Appellee, v. JEROME FLEMING et al., Appellants; TINGLEY STATE SAVINGS BANK, Intervener, Appellee.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

1282

*Frank Wisdom, A. I. Smith,* and *R. Brown,* for appellants.

*Spence & Beard,* for appellee.

FAVILLE, J.—I. The appellants owned a farm of 245 acres near Tingley. There was a first mortgage on said premises of $15,000, and a second mortgage on 205 acres of said premises, given by the appellants to the Tingley State Savings Bank, intervener, for $6,000. Foreclosure proceedings were started on said mortgage, and appellee-plaintiff was appointed receiver of said real estate. In November, 1924, the appellants filed a petition in bankruptcy, and it appears from oral evidence that they were discharged in bankruptcy on March 23, 1925. A trustee was appointed in the bankruptcy proceeding, and certain personal property of the appellants' was sold at trustee's sale. The appellee Fierce is cashier of the intervener, and purchased the personal property at the trustee's sale for $1,377. A written agreement was entered into between Fierce and appellants, by which the appellants were to remain upon said premises and farm and operate the same and account for the crops raised thereon to the receiver. After the sale of the personal property at the bankruptcy sale, the same was left on said premises and in the possession of the appellants; and on May 26, 1925, the appellants gave to the intervener a new note in the sum of $6,500. It is contended by the parties that the full consideration recited in said note did not pass between the parties at said time, but that the note was in part a "blanket note," to cover indebtedness that the appellants then owed to the intervener, and also to include future advances which the intervener

was to make to the appellants, as the same might be required by them from time to time in the operation of said farm. The whole scheme and plan constituted an endeavor to so arrange matters that the appellants could remain upon said premises, and, if successful in the farming enterprise, could save said farm for appellants.

The battle ground of this lawsuit is the note of $2,850 which the appellants had previously given to the intervener on May 20, 1924, which was due January 1, 1925. This note was secured by chattel mortgage upon certain personal property of the appellants'. Briefly stated, the contention of the appellants is that this note of $2,850 was canceled by the discharge of the appellants in the bankruptcy proceedings. The trial court found against the appellants upon this contention, and we think rightly so. In the first place, the appellants in no way pleaded that the note of $2,850 had been canceled and satisfied by their discharge in bankruptcy, and it is quite elementary that, in order for the appellants to avail themselves of the claimed satisfaction of the note by virtue of their discharge in bankruptcy, such fact must be pleaded and proved as a defense. *Hallagan v. Dowell*, 179 Iowa 172.

Furthermore, it is also a well established rule that, even if the obligation of a debtor is discharged in bankruptcy, a new promise by the debtor will revive the debt, and such subsequent promise of payment is valid, notwithstanding the prior discharge. The debt is a moral obligation, sufficient to support a new promise to pay. *Knapp v. Hoyt*, 57 Iowa 591; *Zavelo v. Reeves*, 227 U. S. 625 (57 L. Ed. 676), and cases cited. We therefore concur in the conclusion of the trial court that, under this record, the note of $2,850 was a part of the "blanket" note of $6,500 executed by the appellants, and that the intervener was entitled to recover the balance due on said note of $2,850 and such further advancements as were made by the intervener to the appellants after the execution of said note of $6,500.

II. The trial court made an accounting between the appellants and the intervener, and found that there was on said accounting a balance due from appellants to the intervener of $769.69, for which amount judgment was rendered. This ac-

counting is challenged by the appellants. We shall not attempt to set out the various items of the account, which is complicated, and is carried through several pages of the abstract. We discuss only a few of the challenged items.

Appellants contest the right to charge their account with $782.50, payment of interest on the first mortgage of $15,000 on said premises, and also with additional items of $215.05 for taxes paid on said land, and further item of $413.60, interest. It is not contended but that the items were paid by intervener, and that the amounts are correct, and that the appellants owed the amounts that were so paid; but the contention is that the appellants did not authorize the payment of these items, and that they were not expressly provided for in the agreement between the parties. We think that, upon the entire record, in view of the understanding and agreement between the parties and their interpretation of the agreement between them, these items were proper charges against the appellants, and that the court did not err in including these items in the accounting. Particular complaint is made of an item of $601.40, under date of November 6, 1926, which it is claimed should not be charged to the appellants. As we understand the record, a check for this amount was given for the proceeds of certain hogs that were located on said premises, and the appellants received said check and indorsed the same and delivered it to their attorney, and did not account for it to the intervener or the receiver. Under the record, the appellants are properly chargeable with this item, which is the value of property diverted to their own purposes. The amount is not in dispute. Upon the entire record, we think the item was correctly charged. The item of $55 for a bull was also correctly charged.

Appellants contend that an indorsement on the $6,500 note of $1,054.50 should have been $1,469.60. The apparent discrepancy in this item is due to the fact that there are two entries instead of one. In Exhibit XX the net proceeds of the sale applied on the note are shown to be $1,469.60. The note itself, Exhibit AA, shows an indorsement on December 31, 1925, of $1,054.50 "from sale," and, under date of January 19, 1926, appears also an indorsement "from sale" of $415.10. These two items make the total of $1,469.60, and there is no duplication therein.

Other items of payment of taxes than the one above specified are complained of, but, as we have stated, they were properly charged to the appellants.

We do not find error in any of the matters argued by the appellants that would disturb the accounting as rendered by the trial court. The decree of the trial court is sustained by the record, and it is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.