JACOBSEN BROS., a copartnership, Appellants, v. W. M. BURGIN, Appellee.

No. 46002.

APRIL 6, 1943.

Frank P. Brennan, of Avoca, and White & White, of Harlan, for appellants.

Joe W. Turner, of Avoca, for appellee.

WENNERSTRUM, J.—This appeal has arisen by reason of an action in equity, wherein plaintiffs sought judgment on a note in which was embodied a conditional-sales contract, and for the foreclosure of the claimed contract lien. The defendant interposed the defense that he had been discharged in bankruptcy and that by reason of such proceedings the indebtedness evidenced by the note and conditional-sales contract was also discharged. The plaintiffs pleaded, in reply to the defense of bankruptcy interposed by the defendant, that before and subsequent to the defendant's discharge in bankruptcy he had made oral promises to pay the debt. The trial court held there was insufficient evidence to support the allegation of an oral promise to pay the obligation after his discharge in bankruptcy. The plaintiffs have appealed from this ruling and decree of the trial court.

The plaintiffs are engaged in the implement business in Walnut, Iowa. The defendant is a farmer living near this town. He had traded and dealt with the plaintiffs for a number of years. The note sued on was given to plaintiffs by defendant on January 1, 1931, and was in the amount of $1,429.94. The note contained conditional-sales-contract provisions and covered certain articles of farm machinery which defendant had previously purchased from the plaintiffs. The property included in the note and conditional-sales contract was a tractor, a corn sheller, and a corn elevator. The evidence of one of the plaintiff partners is that the tractor, sheller, and elevator were sold on open account and prior to the giving of the note sued upon. His testimony further shows that the elevator was paid for in cash, that the tractor was bought about the year 1925 and was sold partially on credit, and the sheller was sold a year before the tractor and it also was sold on credit. It was further testified to by this witness for the plaintiffs that the elevator was paid for in cash. The note given on January 1, 1931, and which is the note sued on, was made up of the balance of all notes and book accounts then due from defendant.

On October 3, 1933, the defendant filed his petition in bank-

ruptcy and listed plaintiffs as a secured creditor holding a chattel mortgage as security for an indebtedness of $1,429.94. The defendant was adjudged a bankrupt on October 5, 1933, and received his discharge in bankruptcy on January 3, 1934.

The plaintiffs pleaded that prior to the defendant's discharge in bankruptcy and on two subsequent dates following his discharge defendant promised to pay the note obligation sued on. Testimony was introduced to the effect that a few days following October 5, 1933, one of the plaintiff partners went to the farm of the defendant and on that occasion it is asserted that the defendant stated, "I am going to pay that as soon as I can." It is further asserted that a second promise to pay the plaintiffs' claim was made by the defendant in September 1937, at which time the defendant was negotiating with the plaintiffs for the purchase of a new tractor. It is claimed that the defendant at that time promised to pay the indebtedness involved in this suit and one of the plaintiffs testified: "He said he was going to pay the note anyway." The third claimed oral promise to pay, which the plaintiffs assert the defendant made, was about July 1, 1941. One of the plaintiffs testified that on that date he called upon the defendant at his farm and asked him to renew the note in controversy. This plaintiff in his testimony stated: "I asked him to renew the note, and he said that note was just as good as a renewal because his promise was good and that he would pay it."

The execution of the note and its delivery, its nonpayment, the filing of the petition in bankruptcy by the defendant, his adjudication as a bankrupt, the fact that notice was given to the plaintiffs of the bankruptcy proceedings, and the defendant's subsequent discharge in bankruptcy are not in dispute. The only conflict in the evidence pertains to the alleged oral promises to pay the note sued upon. The defendant denies the statements made by one of the plaintiffs and he also asserts that he at no time made any such agreements or promises. At the time of the last alleged promise, the defendant's wife was a party to some of the conversation at the farm and she denies that the defendant made any such agreement.

I. This court has passed upon the question as to the renewal of an indebtedness of a bankrupt by subsequent promises

to pay in the case of Knapp v. Hoyt, 57 Iowa 591, 594, 10 N. W. 925, 927, 42 Am. Rep. 59, and in Fierce v. Fleming, 205 Iowa 1281, 1283, 217 N. W. 806. This court has held, in the citations just noted, that even though an obligation of a debtor is discharged in a bankruptcy proceeding, the debtor may by a new promise become liable for said indebtedness. In the Knapp case, supra, it is stated that the debtor may be held liable by reason of a subsequent promise to pay indebtedness adjudicated as discharged in a bankruptcy proceeding if the evidence relative to the renewal promise is "clear, distinct, and unequivocal."

It appeals to us that the material question involved in this litigation is the sufficiency of the proof of the renewal and the revival of the indebtedness by reason of the alleged promises to pay. On the one side we note the statements of one of the plaintiff partners as to the promise of payment, and on the other side we find this testimony denied by the defendant. There is the further testimony of the defendant's wife, who denies that any promises to pay were made at the time the plaintiffs allege the defendant made the third promise to pay the indebtedness involved in this litigation. We are of the opinion that the proof in this case does not meet the requirements which we have heretofore determined as necessary to renew an indebtedness discharged in a bankruptcy proceeding. We are convinced that the proof introduced was not so "clear, distinct, and unequivocal" as to justify our holding that there was a renewal promise to pay the obligation sued upon.

II. As a further ground for reversal the plaintiffs claim that the court erred in failing to foreclose the conditional-sales contract covering the property therein described, even though no personal judgment be rendered against the defendant. In support of this contention plaintiffs cite Blotcky v. Silberman, 225 Iowa 519, 525, 281 N. W. 496, 499, where this court said:

"It is likewise true that the Federal Bankruptcy Act does not deprive a lienor of any remedy with which he is vested by the state law, and that one holding a secured claim against a bankrupt is not bound to file formal proof of claim in the bankruptcy court, or to come into the bankruptcy proceeding at all, but he may rely upon his security and enforce it otherwise."

The record in this case discloses the fact to be that the plaintiffs did not file any claim in the bankruptcy proceedings based upon the obligation here sued on. The evidence further shows that the property claimed to be covered in the conditional-sales contract was set off by the trustee in the bankruptcy proceedings as exempt to the defendant. It is further shown that this property which was included in the claimed conditional-sales contract was not purchased at the time of the giving of the note obligation and therefore this was not a purchase-price contract. It is also shown that the wife of the defendant did not sign this particular note and conditional-sales contract.

A review of the plaintiffs' petition and their reply shows that throughout this action they have sought to foreclose the property described in the conditional-sales contract. This was a right which cannot be denied them under our holding in the case of Blotcky v. Silberman, supra. This right was not afforded them by the trial court, and in failing to enter a decree of foreclosure that court was in error under the cited authority.

In defendant's brief and argument he comments on the fact that a foreclosure should not be granted because the property was exempt inasmuch as the wife had not joined in the conditional-sales agreement. There was no pleading to this effect before the trial court and this question cannot now be passed upon by us. Of course, since defendant's wife is not a party to this action, any right she may have to claim this property as exempt cannot now be adjudicated.

Upon a review of the entire matter it is our conclusion and holding that the trial court was right in not entering judgment against the defendant by reason of the claimed subsequent promises to pay. However, we do hold that the trial court was in error in failing to grant, as against the defendant, the foreclosure upon the property described in the conditional-sales contract. We therefore affirm in part, reverse in part, and remand for a decree in conformity with this opinion.—Affirmed in part; reversed in part and remanded.

GARFIELD, C. J., and HALE, MULRONEY, BLISS, OLIVER, MILLER, and SMITH, JJ., concur.

MANTZ, J., takes no part.