CASE 76—PETITION ORDINARY—DECEMBER 21.

## Tolle v. Smith's Executor.

APPEAL FROM DAVEISS CIRCUIT COURT.

DISCHARGE IN BANKRUPTCY—NEW PROMISE.—Where a debtor promises "to pay when able " a debt from which he has been discharged in bankruptcy, the promise may be enforced provided the debtor's ability to pay is alleged and satisfactorily proved. But in the absence of such an allegation there can be no recovery except upon proof of an unconditional and unequivocal promise to pay. Proof of a promise by the debtor to pay "as soon as he can" is not sufficient. Nor does the fact that partial payments have been made amount to a promise to pay.

H. M. HASKINS AND GEO. W. JOLLY FOR APPELLANT.

1. Such an action as this must be upon the new promise and not upon the old contract from which the defendant has been discharged

by proceedings in bankruptcy. (Ogden v. Redd, 13 Bush, 581; Carson v. Osborne, 10 B. M., 155; Egbert v. McMichael, 9 B. M., 44; Mason v. Hughart, *Idem.*, 482; Graham v. Hunt, 8 B. M., 8.)

2. The evidence shows a promise to pay as soon as able, and such a qualified promise will not support an averment of an unqualified promise. A suit on such qualified promise must set it up specifically and then aver a breach of the qualification. (Egbert v. McMichael, 9 B. Mon., 46; Eckler v. Galbraith, 12 Bush, 72; Mason v. Hughart, 9 B. Mon., 480; Stanton's Adm'r v. Brown, 6 Dana, 252; Graham v. Hunt, 8 B. Mon., 8; Fleming v. Hayne, 1 Starkie, 297; Merriam v. Bailey, 1 Cush., 77; s. c., 48 Am. Dec., 591; Cambridge v. Littlefield, 6 Cush., 221; Stark v. Stinson, 23 N. H., 259; Viel v. Ogilvie, 2 Green (N. J.), 326; Bigelow v. Norris, 139 Mass., 29; Bell v. Morrison, 1 Pet., 351.)

REUBEN A. MILLER for appellee.

1. The appellant can not complain of the failure of the court to give a peremptory instruction, none being asked. Besides, appellant cannot rely upon the failure to give a peremptory instruction without making this one of the grounds for a new trial.

2. That "the verdict of the jury is *contrary* to the evidence" is not recognized by the Civil Code of Practice as a ground for a new trial. (Civil Code, sec. 340, sub-sec. 6.)

3. The verdict is sustained by the evidence. It was competent for the jury to consider the partial payment in connection with the other evidence in determining the question whether the new promise had been made. (1 Best on Evidence, sec. 11; Jones v. Talbott, 13 Ky. Law Rep., 303; English v. Wathen, 9 Bush, 387.)

JUDGE LEWIS delivered the opinion of the court.

September 15, 1893, John H. Beals, executor of John C. Smith, brought this action against S. R. Tolle. In his petition, after alleging execution of a promissory note June 3, 1878, for $189.63 by defendant to his testator, plaintiff states that he paid defendant thereon, June 4, 1878, $9.63; December 25, 1885, $10, and August 2, 1887, $5, all of which payments were endorsed on the back of the note; and that he, at the dates of the two last payments promised said Smith to pay the debt, and has repeatedly, both before and since, promised to pay same. The prayer of the petition is for

judgment for the sum mentioned and interest, subject to said credits.

Defendant pleads in defense of the action his discharge in bankruptcy, adjudged in 1878 by the district court of the United States, and denies he, at the date mentioned in the petition or at any time since said discharge, promised to pay the debt or any part of it.

The only issue made by the pleadings was on the alleged promise, and upon the trial of it, verdict of the jury being for plaintiff, defendant moved for a new trial upon the ground the court erred in giving and refusing instructions, and that the verdict is contrary to the evidence.

It has been settled by this court that, although a debtor upon being adjudged a bankrupt becomes discharged from all legal liability to pay prior debts, he still remains under a moral obligation to pay that will support a new promise. (Graham v. Hunt, 8 B. M., 7; Egbert v. McMichael, 9 B. M., 45; Carson v. Osborne, 10 B. M., 155.)

It has been also held that such promise, though made dependent upon a contingency, as "to pay when able," may be enforced. But in such case the ability to pay is the essence of the undertaking, and must be satisfactorily proved; otherwise no judgment can be rightfully rendered against the debtor. (Mason v. Hughart, 9 B. M., 480; Eckler v. Galbraith & Lail, 12 Bush, 71.)

In this case, however, no allegation was made nor evidence offered to prove defendant's ability to pay the debt sued on. Consequently, as the pleadings stand, the plaintiff is not entitled to recover without proving the promise to pay was, as said in Egbert v. McMichael, 9 B. M., 45, absolute and unconditional, or, in language used in Allen v. Ferguson, 18 Wall., 1, clear, distinct and unequivocal. And authorities agree that proof of acts or circumstances indicating an inten-

tion to pay will not be sufficient unless the promise actually made is, in terms and meaning, unconditional and unequivocal; and it has been distinctly held that mere partial payments of a debt, from which the debtor has been discharged as a bankrupt, will not avail to show such promise was made, and thus fix a liability, unless the promise itself be absolute and unconditional.

The plaintiff in this case testified as a witness that as executor he made of defendant demand on the note, and was told by him he would pay it as soon as he could.   We see no difference between that promise and one of the debtor to pay as soon as able, for neither amounts to an unconditional promise, or is absolute and unequivocal in terms.

Another witness testified defendant directed him to pay the testator, John C. Smith, the sum of $4, and charged him (witness) particularly to see that the holder of the note entered the credit thereon.   That occurrence might authorize an inference that defendant intended to pay the debt, but does not alter or add to the meaning or effect of the promise proved to have been made, which must be in language admitting of but one interpretation.

It thus follows the evidence in this case was not sufficient to support the verdict, and that the instructions of the court authorizing the jury to consider the partial payments in determining whether the promise was intended to be unconditional were erroneous.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.