(40 Misc. Rep. 232.)

GRUENBERG v. TREANOR.

(Supreme Court, Appellate Term. March, 1903.)

1. BANKRUPTCY—DISCHARGE—NEW PROMISE.

In an action for goods sold the evidence showed a discharge of the purchaser in bankruptcy, and that before the discharge he had written on the face of plaintiff's bill that the account was all right, and "I will pay it." *Held* a new promise in writing to pay the bill, which had been discharged in bankruptcy, within Laws 1897, p. 510, c. 417, § 21, art. 2, requiring such promises to be in writing, subscribed by the party to be charged therewith.

2. SAME—RIGHT OF ACTION.

Where bankrupt agreed in writing to pay a debt from which he was subsequently discharged, the creditor can sue on the debt, and need not sue on the new promise.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Isidore W. Gruenberg against Owen Treanor. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

George J. Gruenberg, for appellant.
Jacob Newman, for respondent.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 863.

GIEGERICH, J.   The pleadings in this case were in writing, from which it appears that the complaint sets up an indebtedness for goods sold and delivered, and for a second cause of action the plaintiff sues on an account stated.   The defendant, in his answer, admits the delivery of the goods, but denies an account stated, and for a further defense pleads that he has been duly discharged in bankruptcy, sets up the statute of frauds, and pleads want of consideration.   On the trial the following facts appeared:   That on the 25th day of June, 1902, the defendant owed the plaintiff $205, being the balance of an account for goods sold and delivered.   That on August 9th following, the defendant filed his petition in bankruptcy, and, by scheduling the debt, made the plaintiff a party to the proceeding.   That a discharge was granted to the defendant in that proceeding on October 15th following.   That on August 22d, after the filing of the petition, and before the discharge, the defendant signed and delivered to the plaintiff his written promise to pay the debt in the words and figures following:

"New York, Aug. 22nd, 1902.

"Mr. Owen Treanor to I. W. Gruenberg, Dr.   * * *
"1902.
"June 26.   To balance, $205.
"This account is O. K.   August 22nd.   I will pay it.
      "[Signed]                                Owen Treanor."

Subsequently, both before and after the discharge, there were further sales made by the plaintiff to the defendant, and payments made by the defendant in cash.   That on the 25th day of October following the plaintiff presented to the defendant a statement of the account, showing the indebtedness of June 25th as well as the subsequent transactions, and showing the balance of defendant's indebtedness to be $205 on that date—that is, October 25th—at the same time saying to the defendant, "That leaves a balance of $205," to which the defendant answered, "Yes, that is all right," and that at the same time the defendant took from the plaintiff and kept a duplicate of the latter's statement showing these things.

Before the passage of chapter 324 of the Laws of 1882, p. 390, it was frequently held in this state that, while the legal obligation of a bankrupt was by force of positive law discharged, and the remedy of the creditor existing at the time the discharge was granted to recover his debt by suit was barred, yet that the debt was not paid by the discharge, and that the moral obligations of the bankrupt to pay it remained; that it was one in conscience, although discharged in law; and this moral obligation, uniting with a subsequent promise by the bankrupt to pay the debt, gave a right of action.   But the act last cited provided:

"That no subsequent or new promise hereafter made by any person duly discharged in bankruptcy, to pay any debt so discharged in bankruptcy, shall revive such debt against the person so discharged, unless such subsequent or new promise shall be contained in some writing signed by the person to be charged thereby."

This law was, if possible, made more stringent by chapter 417, art. 2, § 21, p. 510, of the Laws of 1897, which provides that:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking * * * [subdivision 5] is a subsequent or new promise to pay a debt discharged in bankruptcy."

There can be no doubt but that the balance of account of $205 for goods sold and delivered, having been scheduled in the petition in bankruptcy, was discharged by the discharge in bankruptcy subsequently granted; but, in our opinion, it is equally clear that the indorsement upon the bill rendered August 22, 1902, "This account is O. K. August 22nd. I will pay it," signed by the debtor, took the transaction out of the operation of chapter 324 of the Laws of 1882, and also of chapter 417 of the Laws of 1897, and is at least equally binding upon the defendant as a promissory note given by him for the debt after he had been adjudicated a bankrupt, and before his discharge, would have been; and this has been expressly held to be a good obligation. Jersey City Ins. Co. v. Archer, 122 N. Y. 376, 378, 25 N. E. 338.

But the respondent objects that the suit was brought for goods sold and delivered, and was not based upon the new promise to pay, which should have been pleaded. The necessity of pleading the new promise was carefully considered by the Court of Appeals in Dusenbury v. Hoyt, 53 N. Y. 524, 13 Am. Rep. 543, where the court, per Andrews, J., said: "The question whether the new promise is the real cause of action, and the discharged debt the consideration which supports it, or whether the new promise operates as a waiver by the bankrupt of the defense which the discharge gives him against the original demand, has occasioned much diversity of judicial opinion. The former view was held by Marcy, J., in Depuy v. Swart, 3 Wend. 139, 20 Am. Dec. 673, and is, probably, the one best supported by authority. But after, as before, the decision in that case, the court held that the original demand might be treated as the cause of action, and, for the purpose of the remedy, the decree in bankruptcy was regarded as a discharge of the debt sub modo only, and the new promise as a waiver of the bar to the recovery of the debt created by the discharge. We are of opinion that the rule of pleading so well settled and so long established should be adhered to. The original debt may still be considered the cause of action for the purpose of the remedy. The objection that, as no replication is now required, the pleadings will not disclose the new promise, is equally applicable where a new promise is relied upon to avoid the defense of infancy or the statute of limitations, and in these cases the plaintiff may now, as before the Code, declare upon the original demand. Esselstyn v. Weeks, 12 N. Y. 635."

In Scheper v. Briggs, 28 App. Div. 115, 117, 50 N. Y. Supp. 869, Mr. Justice Rumsey, in delivering the opinion of the court, after stating that: "The legal obligation of a bankrupt upon any debt proved under the act is, by force of positive law, discharged, and the remedy of the creditor existing at the time of the discharge is absolutely and entirely taken away. No cause of action is left to the creditor upon the debt thus discharged, and it would seem to be a logical conclusion that, if a new promise to pay the debt was made, the action against the bankrupt must be brought upon the new promise, and not upon

the original debt, because, the new promise being the real binding obligation, constitutes the only cause of action"—significantly adds: "But, unfortunately, the logical rule of pleadings has never been insisted upon, in this state at least, and it has been held that, although the old debt has been discharged, yet the creditor may bring his action upon it, and prove the new promise in avoidance of the discharge;" citing Dusenbury v. Hoyt, supra.

This being the well-settled rule of law in this state, we think the court erred in dismissing the complaint upon that cause of action, and, having arrived at this conclusion, it is unnecessary to determine at this time whether or not the action could have been maintained as upon an account stated. We are therefore of the opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.