is to be paid for his work in a store, whether or not he succeeds in making sales. In the case at bar the plaintiff, though he might work day and night, week after week, to sell a plot of ground of small value, if he failed to make the sale, would receive nothing for his long period of work, labor, and services; on the other hand, if he succeeded in making a sale of a valuable piece of property in a short time, he would receive a large sum of money out of the purchase price, this because his pay was based exclusively upon the result, and was not to be measured by the labor involved, the amount of work devoted to it, or the extent of the services required. In view of these undisputed facts, it is a very strange and distorted construction of his contract to say that he is suing for wages as such, or for compensation based upon and designed to remunerate him specifically for his work, labor, and services.

The precise nature of the plaintiff's cause of action, as stated in the complaint, is very clear. It is for money had and received. The defendant has received the money which it was to give to the plaintiff for his commissions. It is conceded that the money has been demanded, and payment refused. It has therefore been converted by the defendant, and with the insertion of an appropriate allegation to that effect in the complaint, the action would be in tort for such conversion.

I vote to affirm.

-----

### SCHREIBER v. SCHOMACKER PIANO FORTE MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

1. BANKRUPTCY (§ 435*)—NONCOMPLIANCE WITH JUDGMENT—EXCUSE—PLEADING.

   Where judgment was rendered against defendant corporation by default in sequestration proceedings in a suit for divorce, restraining payment of the corporation's bonds or coupons to any other person than plaintiff, and requiring payment of the coupons to him, refusal to make such payment is not excused because the corporation had been adjudged bankrupt prior to rendition of such judgment; a discharge in bankruptcy not having been pleaded.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–829; Dec. Dig. § 435.*]

2. DIVORCE (§ 266*)—JUDGMENT—COMPLIANCE.

   A corporation, which was ordered, in sequestration proceedings in a suit for divorce, to pay certain interest coupons to plaintiff, had no right to demand security against its being required to pay to another person.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 741; Dec. Dig. § 266.*]

3. CONTEMPT (§ 29*)—PUNISHMENT.

   A corporation may be fined, and its president may be punished, for contempt of court.

   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 86–90; Dec. Dig. § 29.*]

-----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Benjamin F. Schreiber, receiver in sequestration, against the Schomacker Piano Forte Manufacturing Company, impleaded with Alfred L. Garden. From an order refusing to punish the company and its president for contempt in failing to pay a certain amount as directed in a judgment, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William L. Snyder, of New York City, for appellant.
Richard Ely, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff was appointed a receiver in sequestration proceedings, and as such moved to punish the Piano Company and its president for contempt of court in refusing to pay to him, as such receiver, an amount directed in a judgment to be paid.

[1] The defendant Garden is the husband of one Lillian I. Garden. In 1883 he commenced an action against her for divorce. She interposed an answer, denying the material allegations of the complaint, and, after issue had been joined, obtained an order directing him to pay her, during the pendency of the action, $12 per week alimony. He appealed from the order, but it was affirmed. After the order was granted, he left this state, and has not, so far as appears, since returned. There is now due the plaintiff for alimony upwards of $17,000. He is the owner and in possession of 13 bonds of the Piano Company. They are of the par value of $1,000 each, and bear interest at the rate of 6 per cent. per annum, payable on the 1st of January and July of each year. Garden having refused to pay the alimony directed, the plaintiff obtained leave from the court to bring an action for the purpose of sequestering these bonds and the coupons attached and reducing them to possession. The Piano Company was made a party defendant, and service of the summons was personally made upon it. It defaulted, and judgment was thereafter rendered in favor of the plaintiff, which, among other things, restrained the Piano Company paying the bonds or coupons to any other person than the plaintiff, and also directing it to pay to him the coupons as they fell due. On July 1, 1911, interest to the amount of $390 became due, and a similar amount January 1, 1912. Demand was made upon the Piano Company that it pay this amount to the plaintiff, which it has neglected and refused to do, unless given security against being required to pay to another person. The security was not given, and thereupon this motion was made.

The only excuse offered for the refusal to pay is the fact that, prior to the rendition of the judgment directing it to make the payment to the plaintiff, the Piano Company was adjudicated a bankrupt. If that be true, it is no reason why the payment should not be made. I am of the opinion the motion should have been granted, upon the ground that the Piano Company, having permit-

ted judgment to be rendered against it, without pleading its discharge in bankruptcy, and without interposing any answer at all, is now estopped from raising that question. It has the money, and is at most a mere stakeholder.

[2,3] The judgment fixes the rights of the parties, and by it the Piano Company is restrained from paying the interest to any person other than the plaintiff, and it directs it to pay to him. At the time the motion was made to punish for contempt, there was, therefore, due the plaintiff from the defendant $780, and it was its duty under the judgment to make that payment. It had no right to demand security, and the plaintiff was justified in refusing to give it. Its refusal to make the payment constituted a contempt of court. Park v. Park, 80 N. Y. 156. A corporation may be fined for contempt of court (section 773, Judiciary Law [Consol. Laws 1909, c. 30]), and its president is also a proper party to punish for contempt (Matter of Westminster Realty Corporation, 123 App. Div. 797, 108 N. Y. Supp. 551; Lawrence v. Harrington, 63 Hun, 195, 17 N. Y. Supp. 649).

The order appealed from, therefore, is reversed, and the motion granted.

Settle order on notice. All concur.

