WILLIAM R. TUBBS and HARRY V. TUBBS *v.* EDWARD H. MCCABE.

(*March* 1, 1933.)

HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for plaintiffs.

*Howard Bramhall* for defendant.

Superior Court for Sussex County, Foreign Attachment in debt, No. 5, June Term, 1931.

HARRINGTON, J., delivering the opinion of the Court:

■ With certain exceptions that need not be considered, *Section* 17 of the *Bankruptcy Act of* 1898 (11 *USCA* § 35) provides that, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts"; and it is not denied that the plaintiffs' judgment was duly scheduled or that it was in that class of debts covered by the

statute. A discharge does not, however, extinguish the debt but merely bars the remedy thereon. *Winter v. Hindin* 3 *W. W. Harr.* (33 *Del.*) 294; *Collins v. McWalters,* 35 *Misc.* 648, 72 *N. Y. S.* 203; *Ala. Great So. Rwy. Co. v. Crawley,* 118 *Miss.* 272, 79 *So.* 94; *Zavelo v. Reeves,* 227 *U. S.* 625, 629, 33 *S. Ct.* 365, 57 *L. Ed.* 676, *Ann. Cas.* 1914D, 664; *In re Boardway* (*D. C.*), 248 *F.* 364; *Herschman v. Justices of the Municipal Court of Boston,* 220 *Mass.* 137, 107 *N. E.* 543.

This is apparent from the fact that in order for it to bar a subsequent action it must be both pleaded and proved. *Smith v. Cook,* 71 *Ga.* 705; *Schreiber v. Schomacker Piano Forte Mfg. Co.,* 152 *App. Div.* 817, 137 *N. Y. S.* 747, 748; *Bryan v. Orient Lumber & C. Co.,* 55 *Okl.* 370, 156 *P.* 897; 7 *Rem. on Bankr.,* §§ 3459, 3461.

In fact, though pleaded and proved in such actions, if judgment be erroneously entered for plaintiff, like other judgments, such a judgment can only be questioned on a writ of error, or by some other direct proceeding. *Howe v. Noyes,* 47 *Misc.* 338, 93 *N. Y. S.* 476; 7 *Rem. on Bankr.,* § 3464.

The effect of a discharge in bankruptcy may, therefore, not only be waived by a failure to plead and prove such discharge (7 *Rem. on Bankr.,* § 3459; *Schreiber v. Shomacker Piano Forte Mfg. Co.,* 152 *App. Div.* 817, 137 *N. Y. S.* 747, 748), but it may also be waived by a clear and specific promise to pay made by the bankrupt at any time after his petition is filed. *Zavelo v. Reeves,* 227 *U. S.* 625, 629, 33 *S. Ct.* 365, 57 *L. Ed.* 676, *Ann. Cas.* 1914D, 664; *In re Shaffer* (*D. C.*), 104 *F.* 982; *Mutual Reserve Fund Life Ass'n v. Beatty* (*C. C. A.*), 93 *F.* 747; *Gruenberg v. Treanor,* 40 *Misc.* 232, 81 *N. Y. S.* 675; 7 *Rem. on Bankr.,* §§ 3499, 3502; 1 *Williston on Contracts,* § 158.

The defendant does not deny that he expressly promised to pay the plaintiffs' debt but claims that the action must be on the new promise on which their rights are based.

He further claims that as such promise was made in the State of Virginia, by the express provisions of a statute of that state such promise, to be effective, must be in writing. 7 *Rem. on Bankr.*, § 3503.

In this country it is clear, however, that no new consideration is necessary to support the promise of a bankrupt to pay a debt the mere collection of which has been barred by the *Bankruptcy Act. Gruenberg v. Treanor,* 40 *Misc.* 232, 81 *N. Y. S.* 675; *Mutual Reserve Fund Life, etc., v. Beatty (C. C. A.)*, 93 *F.* 747; *Spann v. Read Phos. Co. (C. C. A.)*, 238 *F.* 338; 7 *Rem. on Bankr.*, § 3500; 1 *Willist. on Contr.*, § 158.

This is conceded by the defendant but he contends that the old debt furnishes the foundation or consideration for such promise and that the rights of the plaintiffs are necessarily based on such contract. 1 *Willist. on Contr.*, § 196.

True, the new promise may, as a general rule, even be conditional and such a promise, if made, is the measure of the plaintiffs' right whether relied on to raise the bar of the statute of limitations, or in a case where a defendant has been adjudicated a bankrupt (1 *Willist. on Contr.*, §§ 196, 203; 7 *Rem. on Bankr.*, § 3506) ; but where the statute of limitations is involved it is well settled in this state that the action should be on the old debt and not on the new promise to pay. *Newlin v. Duncan*, 1 *Harr.* 204, 208, 25 *Am. Dec.* 66; *Smith, Ex'r v. Campbell*, 5 *Harr.* 380; *Black's Ex'rs v. Reybold*, 3 *Harr.* 528.

This can only be on the ground that the defense of the statute is waived (*Newlin v. Duncan*, 1 *Harr.* 204, 208, 25 *Am. Dec.* 66; *Leaper v. Tatton*, 16 *East.* 420; *Burton v. Robinson*, 1 *Houst.* 260, 265, *note;* 1 *Willist. on Contr.*, §§ 196, 203) ; and the same general principles naturally apply to promises to pay made by a bankrupt. *Restatement of the Law of Contr., Vol.* 1, § 86; 7 *Rem. on Bankr.*, § 3499.

In fact, the old theory that the rights of the plaintiffs in such cases are based on a moral consideration has now

been very generally exploded. 1 *Willist. on Contr.,* § 148.

It is true that for some reason a specific promise to pay is necessary to remove the bar of the statute in bankruptcy cases while a promise to pay will be inferred from a mere acknowledgment of a subsisting demand where the statute of limitations is involved (*Newlin v. Duncan,* 1 *Harr.* 204, 208, 25 *Am. Dec.* 66; 7 *Rem. on Bankr.,* § 3504), but whatever the reason for this difference may be, it does not affect the rule above stated.

 Bankruptcy being a defense theoretically, at least, it should have been pleaded as such and a new promise set up by the plaintiffs in a replication to that plea (7 *Rem. on Bankr.,* § 3512), but it is not contended that the mode of pleading adopted by the plaintiffs whereby the defendant's defense is anticipated was not permissible. The question being merely as to whether the plaintiffs had a remedy for the collection of a Delaware judgment it also necessarily follows that the statute of Virginia has no application to this case; by reason of that fact, judgment will be entered for the plaintiffs for the principal debt of their judgment, with interest and costs.