WILLIAM D. GORDON, Secretary of Banking of the Commonwealth of Pennsylvania in possession of the business and property of Bankers Trust Company, a corporation organized and existing under the Laws of the Commonwealth of Pennsylvania, *v.* LOUIS DAVIS.

(*June* 15, 1934.)

HARRINGTON and RICHARDS, J. J., sitting.

*William Prickett* for plaintiff.

*H. Albert Young* for defendant.

Superior Court for New Castle County, No. 144, March Term, 1934.

HARRINGTON, J., delivering the opinion of the Court:

■ The plaintiff is entitled to judgment on his affidavit of demand. The record shows that this suit was brought in 1934 but the defendant's affidavit merely states that he was adjudicated a bankrupt on January 9, 1931, and surrendered all of his property; and it does not appear from it that he was ever discharged in that proceeding. It, therefore, does not state a defense to the plaintiff's action.

■ With certain exceptions, that need not be considered by us, *Section* 17 of the *Federal Bankruptcy Act* of 1898, provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts" (11 *USCA*, § 35).

*Section* 14 of the same act, as amended in 1926 (11 *USCA*, § 32), also provides:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

From these provisions, it is apparent that it is the discharge and not the filing of the bankruptcy petition, or even the adjudication, that protects the bankrupt from subsequent actions by his creditors. *Shamis v. Rice-Stix Dry Goods Co.,* 155 *Ark.* 353, 244 *S. W.* 340; 7 *Rem. on Bankr.,* § 3193.30; see, also, 7 *Rem. on Bankr.,* §§ 3437, 3438, 3443.

■ It is, also, apparent that pursuant to the provisions of *Section* 14 of the *Act,* no discharge can be granted unless the application therefor is made within, at most, eighteen months following the adjudication. 7 *Rem. on Bankr.,* § 3168.

Whether because of delay in filing the petition, or otherwise, if, therefore, no discharge is procured by the bankrupt he may be sued on all claims to the same extent as though bankruptcy had not intervened. 7 *Rem. on Bankr.*, §§ 3193.30; 3486; *Shamis v. Rice-Stix Dry Goods Co.*, 155 *Ark.* 352, 244 *S. W.* 340; *Tutt v. Fighting Wolf Min. Co.* (*Mo. App.*), 209 *S. W.* 304; *In re Camelo* (*D. C.*), 195 *F.* 632.

■ If the defendant in this action was discharged by the Bankruptcy Court that fact does not appear in his affidavit, but even though he has been, such an order does not extinguish the debt. It merely bars the remedy thereon. *Tubbs v. McCabe*, 5 *W. W. Harr.* (35 *Del.*) 327, 165 *A.* 336.

■ To be effective as a defense in an action against him by a creditor whose debt was created prior to the filing of the bankruptcy petition, the discharge must, therefore, be both pleaded and proved by the bankrupt. *Tubbs v. McCabe*, 5 *W. W. Harr.* (35 *Del.*) 327, 165 *A.* 336; *Rice v. Chapman*, 234 *App. Div.* 279, 255 *N. Y. S.* 35; 7 *Rem. on Bankr.*, §§ 3459, 3487, 3490.

The same general principles are, also, applicable to a case of this character where, pursuant to statute (*Revised Code* 1915, § 4169) judgment in certain specified cases will be entered for the plaintiff on affidavit of demand filed unless the defendant, by counter affidavit, sets up a good and sufficient defense to the plaintiff's claim. As we have already indicated, the defendant's affidavit does not comply with that rule. And this is particularly true in view of the lapse of time since the defendant was adjudicated a bankrupt. *Chase v. F. & M. Nat. Bank of Baltimore* (*C. C. A.*), 202 *F.* 904.

Judgment will, therefore, be entered for the plaintiff on his affidavit of demand notwithstanding the defendant's affidavit of defense.