## In re TUCKER.
### No. 44012.

District Court, E. D. New York.
March 23, 1943.

Jerome Edelman, of Brooklyn, N. Y., for petitioner.

Joseph J. Levine, of Brooklyn, N. Y., for bankrupt.

ABRUZZO, District Judge.

The petitioner seeks an order specifically exempting and eliminating the judgment of $752.10 in favor of Morris Feldstein and against the bankrupt from the discharge in this proceeding.

It is disclosed that Morris Feldstein recovered a judgment against Irving Tucker, the bankrupt on August 13, 1931. On March 5, 1943, this judgment was assigned to Alfred D. Mart.

The Court has a certified copy of the assignment before it. Therefore, the contention that there was not any assignment is untenable.

On the 17th day of August, 1931, it appears that the bankrupt herein filed a petition in bankruptcy but was never granted a discharge. The judgment in question was listed in that bankruptcy.

On the 13th day of January, 1943, the present petition in bankruptcy was filed by the bankrupt and the identical judgment listed in the schedules. It is academic that not having been granted a discharge in the first proceeding, the bankrupt may not include the Feldstein judgment in the second petition.

Where there is a failure to obtain a discharge under the first petition, it becomes a bar against discharge from the same debts under a later petition. In re Brislin, D.C., 10 F.Supp. 181; Kuntz v. Young, 8 Cir., 131 F. 719; In re Fiegenbaum, 2 Cir., 121 F. 69.

The further objection is made by the bankrupt that the motion is untimely and the petitioner is guilty of laches. On February 4, 1943, the referee mailed notices to all creditors apprising them that March 10, 1943, had been fixed as the last day to file objections to the bankrupt's discharge. The bankrupt claims that the creditor failed to oppose the application on the specified date. However, the record shows that the referee adjourned the proceedings for two weeks or to March 24th, 1943. This motion was brought on to be heard on March 12, 1943. Therefore, the creditor is in time and is not guilty of laches. The motion is granted.