## In re SHEPHERD.

District Court, D. Oregon.

July 31, 1945.

Coan & Rosenberg, Ralph A. Coan and Quincy L. Matthews, all of Portland, Ore., for bankrupt.

W. E. Richardson, of Portland, Ore., for objecting creditor.

McCOLLOCH, District Judge.

The Referee's order is affirmed, and I adopt the opinion of the Referee (Honorable Estes Snedecor) as the opinion of the court on the law of the case:

This cause came on for hearing August 7, 1944, upon specifications of objection of Mildred Muck, a creditor, to the discharge of the bankrupt. Each appeared in person and by counsel. At the outset, the objecting creditor presented and asked leave to file amended specifications. The bankrupt moved to strike the third specification as originally filed.

█ The amended specifications consisted of a reiteration of the original three specifications and a new one designated "Fourth Specification". The latter contained allegations of fact not mentioned in the original specifications and constituted an attempt to set up a new and additional ground for the denial of bankrupt's discharge. The time for filing specifications had long since expired. The referee denied the motion for leave to file the amended specifications. Collier on Bankruptcy, 14th Ed., Section 14.07, Page 1276; In re Johnson, D.C.S.D., 192 F. 356, 27 A.B.R. 644; In re Hurowitz, D.C.Mass., 14 F. Supp. 71, 28 A.B.R.,N.S., 479; In re Gagliardi, D.C.N.Y., 36 A.B.R.,N.S., 326; Northeastern Real Estate Corporation v. Goldstein, 2 Cir., 91 F.2d 942, 34 A.B.R., N.S., 652; In re Martina, D.C.N.Y., 47 A. B.R.,N.S., 182.

The referee also denied bankrupt's motion to strike the third specification. Reasons for the latter ruling will be discussed later.

After hearing the testimony and considering the evidence offered in support of the first and second specifications the referee ruled in open court that there was no competent evidence to sustain the allegations. Thereafter an order was entered denying and overruling the first two specifications of objection.

The referee took under advisement the third specification and requested briefs, which now have been duly considered.

The third specification raises a question of first impression under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The question is, may the bankrupt, after having obtained a discharge from a debt in a prior proceeding and having revived the debt by waiving his discharge, receive another discharge from the same debt in a new proceeding brought more than six years after the first discharge.

The undisputed facts are: The bankrupt was duly adjudged a bankrupt upon a voluntary petition filed June 26, 1931. Thereafter on October 21, 1931, he was granted a discharge. (Bankrupt's Exhibit 6.) He listed as one of his creditors Mildred McDonald, now Mildred Muck, the objecting creditor herein. The bankruptcy schedules show that the bankrupt was indebted to this creditor on notes signed by him in the sum of approximately $2,600. (Bankrupt's Exhibit 7.)

On June 5, 1934, Mildred Muck brought an action in the Circuit Court of the State of Oregon against the bankrupt to recover the amounts owing on said promissory notes. The defendant answered by admitting that he was indebted in the amount alleged but, as an affirmative defense, set up his discharge in bankruptcy. The plaintiff in her reply admitted the discharge, but alleged affirmatively that after the bankrupt had filed his petition in bankruptcy and prior to his discharge, he had expressly promised and agreed to pay the notes; that he had stated that he had listed her as a creditor because he was required to do so, but that she could disregard the bankruptcy. She alleged further that pursuant to the agreement he had paid certain sums on account thereof before and after his discharge. A jury trial upon these issues resulted in a verdict and judgment thereon, entered August 7, 1935, for the full amount then owing on said notes in the sum of $2,543.95 with interest thereon at the rate of 6% per annum and costs.

On December 16, 1941, Bernard G. Shepherd filed a second bankruptcy proceeding in which the only unsecured creditor listed is Mildred Muck, the objecting creditor. In her third specification, the objecting creditor set forth substantially the foregoing facts and stated that her claim evidenced by the judgment based upon the bankrupt's promissory notes is the same obligation from which the bankrupt received a discharge in the former proceeding. She contends that the bankrupt having once waived the right to a discharge in bankruptcy on a debt cannot have another discharge on the same debt.

■ Neither counsel nor the referee has been able to find a reported case precisely in point. In searching for an analogous situation we find a long list of authorities holding without exception that where a bankrupt, prior to the Chandler Act, failed to apply for a discharge or to pay the costs of the proceedings thereon, he is forever barred from a discharge on the same debts in a subsequent proceeding. Kuntz v. Young, 8 Cir., 131 F. 719, 12 A.B.R. 505; In re Kuffler, 2 Cir., 151 F. 12, 18 A.B.R. 16; Pollet v. Cosel, 1 Cir., 179 F. 488, 30 L.R.A.,N.S., 1164, 24 A.B.R. 678; In re Loughran, 3 Cir., 218 F. 619, 33 A.B.R. 350; Hill v. Railroad Industrial Finance Co., 10 Cir., 92 F.2d 973, 35 A.B.R., N.S., 304; In re Bacon, 5 Cir., 193 F. 34, 27 A.B.R. 736, 737; Horner v. Hamner, 4 Cir., 249 F. 134, L.R.A.1918E, 465, 40 A.B.R. 817; In re Schwartz, 2 Cir., 89 F.2d 172, 33 A.B.R.,N.S., 673; Perlman v. 322 West-72nd Street Co., Inc., 2 Cir., 127 F.2d 716, 49 A.B.R.,N.S., 212; Peoples Loan & Savings Co. v. Charles Emmett Dowdle, 5 Cir., 92 F.2d 442, 34 A.B.R.,N.S., 747; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 56 A.B.R.,N.S., 97; Freshman v. Atkins, 269 U.S. 121, 123, 46 S. Ct. 41, 70 L.Ed. 193, 6 A.B.R.,N.S., 744; Collier on Bankruptcy, Par. 14.05, pp. 1262–1264.

The reasoning employed in most of these cases is well summarized in a recent decision of the United States Circuit Court of Appeals, First Circuit, as follows: "The reasons given for those decisions were the time limitation in the statute itself and the doctrine of res judicata. In them the courts pointed out that to grant a discharge in the second proceeding from debts provable in the earlier proceeding where no application for discharge had been made, would empower the bankrupt effectively to evade the statutory limitation and place within his control the time when he should act. This would operate as an enlargement of the time limit prescribed in the statute and would interfere with the speedy administration of the bankrupt estate. It would be contrary to the spirit and purpose of the statute. They also said that where the bankrupt fails to petition for a discharge

the result is in effect a judgment by default in favor of his creditors that he was not entitled to a discharge from their claims. Such a judgment is as forceful as a judgment after trial and is conclusively res judicata between him and the creditors whose claims are listed in the bankruptcy schedules. The result is that the issue presented in the second petition is the same as that which existed in the first and which had been decided against him and in favor of his creditors." Colwell v. Epstein et al., 142 F.2d 138, 139, 56 A.B.R.,N.S., 97.

The courts have adhered strictly to this rule no matter how extenuating the circumstances may have been that caused the bankrupt to fail or neglect to prosecute his initial proceeding for a discharge. It is not an exaggeration to state that nearly all such defaults were the result of carelessness upon the part of counsel or the bankrupt occasioned in turn by an utter lack of appreciation of the final consequences of their inaction or indifference. A number of decisions stress the point that the only object of a bankruptcy proceeding in a no asset case is to obtain a discharge. If a bankrupt fails to prosecute the proceeding, he is barred from bringing another proceeding for a discharge of the same debts. Such a course amounts to an abuse of the process of the court and will not be countenanced. In re Fiegenbaum, 2 Cir., 121 F. 69, 9 A.B.R. 595; Freshman v. Atkins, supra; In re Vardell, D.C.Tenn., 28 A.B.R.,N.S., 697; Perlman v. 322 West-72nd Street Co., Inc., supra.

■ If such is the attitude of the courts toward a bankrupt who is indifferent to the relief available to him under the Act, should we expect them to assume a different attitude toward a bankrupt who obtains full relief under the Act and simultaneously waives his discharge on a particular debt? Does it not logically follow that having waived the benefits of the Act as to a particular debt he cannot again seek relief from the same obligation? "It is the purpose of the bankrupt act to convert the assets of a bankrupt into cash for distribution among creditors, and then to relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." Williams v. United States Fidelity Co., 236 U.S. 549, 35 S.Ct. 289, 290, 59 L.Ed. 713, 34 A.B.R. 181.

In the case before us the bankrupt was accorded full relief in his first bankruptcy from oppressive obligations resulting from business misfortunes. Having waived his right to relief from a particular debt, he is forever barred from seeking again like relief from the same obligation.

■ The bankrupt, by his motion to strike the third specification, contends that he is entitled to a discharge from all his provable debts unless the specification invokes one of the causes for a denial of a discharge as defined in Section 14, sub. c of the Act, 11 U.S.C.A. § 32, sub. c. It has long been the recognized practice of the bankruptcy court, upon motion of a proper party, or on its motion if the facts appear from its records, to qualify a discharge by excluding debts on which the bankrupt is barred from obtaining relief. Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629, 19 A.B.R. 288; In re Zeiler, D.C.N.Y., 18 F.Supp. 539, 33 A.B.R.,N.S., 627; In re Summer, 2 Cir., 107 F.2d 396, 41 A.B.R.,N.S., 246, certiorari denied 309 U.S. 680, 60 S.Ct. 718, 84 L.Ed. 1024; In re Early, D.C. E.D.Pa., 34 F.Supp. 774, 43 A.B.R.,N.S., 518; In re Tucker, D.C.E.D.N.Y., 49 F. Supp. 239, 53 A.B.R.,N.S., 106.

■ In Collier on Bankruptcy, 14th Ed., Par. 14.62, 'p. 1381, 1944 Supplement, it is stated: "This practice represents in effect the sole exception to the well settled general rule that a bankruptcy court will not determine the dischargeability of individual claims, and that such questions must be litigated in other appropriate forums when the discharge is pleaded as a defense."

■ This case falls within the exception. The specification goes farther than to point out a ground for the denial of a discharge. It challenges the bankrupt's right to any relief as to the particular debt. It draws the court's attention to the fact that the bankrupt had previously obtained relief under the Bankruptcy Act from the debt and had expressly waived all rights under the Act. In cases where it appeared that all debts scheduled were listed in a prior proceeding in which the bankrupt failed to obtain a discharge, the court dismissed the second proceeding or denied the discharge altogether. In re Stone, D.C.Or., 172 F. 947, 23 A.B.R. 24; Perlman v. 322 West-72nd Street Co., Inc., supra; Kuntz v. Young, supra. In cases where the bankrupt had in-

curred new liabilities since his first proceeding, his discharge was qualified by excepting the debts listed in the former proceeding. In re Loughran, supra; In re Summer, supra; In re Zeiler, supra; In re Brown, D.C.N.H., 35 F.Supp. 619, 47 A. B.R.,N.S., 539. In the case before us the bankrupt listed only the one unsecured creditor, but scheduled another creditor holding a note and mortgage on real property which he signed with his wife in 1941. Presumably he is entitled to a discharge from personal liability on the mortgage debt. Accordingly the proper procedure is to enter a qualified discharge, excepting the debt of the objecting creditor as undischargeable.

Counsel for the bankrupt argues with much force that the promise to pay the discharged debt creates an entirely new and distinct obligation which is dischargeable in a subsequent bankruptcy. He cites a recent decision of the United States District Court (Western District of Kentucky) In re Cox, 33 F.Supp. 796, 798, 47 A.B.R.,N.S., 668, in which the court said: "The present case is therefore subject to the well settled rule that a discharge in bankruptcy, while releasing the bankrupt from liability to pay a debt that was provable in bankruptcy, leaves him under a moral obligation sufficient to support a new promise to pay the debt, regardless of whether the new promise was made before or after the discharge in bankruptcy. Posey v. Mayer's Adm'r, 3 Ky.Law Rep. 613; Eckler v. Galbraith, 12 Bush, Ky., 71; Tolle v. Smith's Ex'r, 98 Ky. 464, 33 S.W. 410; Brashears v. Combs, 174 Ky. 344, 192 S.W. 482, 39 A.B.R. 98. It is not clear, however, whether the cause of action is upon the old promise with the discharge in bankruptcy waived by the new promise, or is upon the new promise as a separate and new obligation supported by moral consideration, as an exception to the general rule of consideration. The authorities throughout the country are in conflict on this issue with the weight in favor of the view that the action lies upon the new promise. See 3 R.C.L., Bankruptcy, § 147; 8 Corpus Juris Secundum, Bankruptcy, § 583, subd. d."

In the first place this contention is not in accord with the facts in the case before us. The objecting creditor's claim is based upon a judgment obtained in an action for the recovery of money owing on certain notes scheduled in the previous bankruptcy. The bankrupt answered by admitting the obligation and setting up his discharge as a defense in bar. The creditor replied, by way of avoidance, that the bankrupt had waived his discharge by agreeing to pay the debt notwithstanding his bankruptcy. Remington on Bankruptcy, 5th Ed., states: "The new promise need not be pleaded or proved in the first instance. To do so would be to anticipate a defense. The bar of the discharge is merely matter of defense to be pleaded. If pleaded, then the new promise is in turn to be pleaded, by way of avoidance." Section 3512, p. 675; Gruenberg v. Treanor, 40 Misc. 232, 81 N.Y.S. 675, 11 A.B.R. 776. The reduction of the creditor's notes to judgment served merely to change the form of the debt but did not make a new or different one. In re Summer, 2 Cir., 107 F.2d 396, 41 A.B.R.,N.S., 246; In re Kuffler, 2 Cir., 168 F. 1021, certiorari denied 214 U.S. 520, 29 S.Ct. 701, 53 L.Ed. 1066; In re Schnabel, D.C., 166 F. 383.

We are thus faced with the fact that the judgment from which the bankrupt seeks a discharge in his second bankruptcy represents the same debt scheduled in his former bankruptcy. In United States National Bank of La Grande v. Miller, 118 Or. 280, 246 P. 726, it was held that an action to recover a debt discharged in bankruptcy may be based either on the original debt or on the new promise. In Parker v. Smith, 144 Wash. 24, 255 P. 1026, it was held that an oral promise to pay a promissory note discharged in bankruptcy revives the obligation as a whole and recovery may be had upon the original note, including the provision for an attorney's fee. To like effect are: Fierce v. Fleming, 205 Iowa 1281, 217 N.W. 860; Stern v. Bradner Smith & Co., 225 Ill. 430, 80 N.E. 307, 116 Am.St.Rep. 151; Badger v. Gilmore, 33 N.H. 361, 66 Am.Dec. 729; McClintic-Marshall Co. v. City of New Bedford, 239 Mass. 216, 131 N.E. 444; DeWalt v. Heeren, 50 N.D. 804, 197 N.W. 868; Herrington v. Davitt, 220 N.Y. 162, 115 N.E. 476, 1 A.L.R. 1700. In the latter case the court said: "The right of action is given by a new and efficacious promise. The practice of bringing the action upon the original demand is, however, sanctioned by usage. The discharge in bankruptcy is, under such practice, regarded as a discharge of the debt sub modo only, and the new promise as a waiver of the bar to the recovery of the debt created by the discharge. The new promise with such other

facts as are essential to constitute it a valid cause of action may, however, be alleged." This case is significant in that New York is one of the few states requiring a promise to pay a discharged debt to be in writing. Notwithstanding this requirement the New York Court of Appeals, of which Mr. Justice Cardozo was then a member, held, "The action was properly brought upon the note. For the purpose of the remedy, the original debt might still be considered the cause of action."

Collier on Bankruptcy, 14th Ed., in dealing with the question of the revival of a discharged debt by a new promise, states: "The general rule is that a discharge affects only the remedy of the creditor and the obligation itself is not cancelled. It now remains to be seen whether the remedial bar of a discharge may be removed in any way. The Bankruptcy Act does not provide for the revival of debts discharged in bankruptcy. The law in the various states governs this matter, and it is generally agreed that the bar of a discharge may be waived by the making of a new promise. In reaching this decision, the courts have employed various theories; some courts have found consideration for the new promise in the form of a past legal obligation plus a present moral obligation, while other courts have declared that no new consideration is necessary to support the waiver." Par. 17.33, Page 1671.

In Helms v. Holmes, 4 Cir., 129 F.2d 263, 266, 141 A.L.R. 1367, 50 A.B.R., N.S., 133, the court said: "It must be remembered that a discharge in bankruptcy is neither a payment nor an extinguishment of debts. It is simply a bar to their enforcement by legal proceedings. * * * Thus, the bankrupt is merely given a personal defense which is waived if he chooses not to avail himself of it. This rule that a failure so to plead operates in law as a waiver of the defense has been uniformly followed by State and Federal Courts alike."

In a case decided recently in the Seventh Circuit, the foregoing case was cited with approval. The court then said: "A discharge is neither a payment nor an extinguishment of a debt. When properly pleaded, it is a bar to the enforcement of an existing debt by legal proceedings and, thus, it amounts merely to a personal defense which is waived if the debtor chooses not to avail himself of it. A discharged debt may be renewed by a new promise and, even though a state court is advised of a discharge, in the absence of a plea setting up the defense, it has a right to assume either that the bankrupt has renewed his debt by a new promise or that, by his silence, he tacitly exhibits an intent to waive the defense. We know of no basis upon which a court of equity can relieve a defendant from liability because of this failure to plead a personal defense where no ground for the intervention of equity is presented." In re Innis, 7· Cir., 140 F.2d 479, 481, 55 A.B.R.,N.S., 427; certiorari denied 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569.

■ With due deference to the authorities cited by bankrupt's counsel to support his contention that the promise to pay a discharged debt creates an altogether new obligation, separate and distinct from the discharged debt, it is respectfully suggested that perhaps the reasoning of these decisions is based upon a misconception of the function of the new promise necessary to revive a discharged debt. It is true that the decisions universally hold that such a promise must be express, clear and unequivocal. A mere acknowledgment of the debt, or an expression of hope, desire, expectation or intention to pay is insufficient. It must be an express promise to pay a specific debt. A few states, not including Oregon, require the promise to be in writing. However, as we have seen, a discharge in bankruptcy does not extinguish the debt. It merely affords a personal defense in bar which may be waived either by a new promise or a failure· to plead it in an action brought upon a discharged debt. Thus the only function of the new promise is to serve as an express waiver of the defense. As most authorities state, it merely revives or renews the legal obligation. It restores the remedy taken away by the discharge. It is the test applied by the court in determining whether the discharge has been waived. No consideration is necessary. In the authorities cited by counsel the courts invoke a moral obligation as the consideration to support the new debt which they seek to create out of the promise to pay the discharged obligation. In this connection Williston states: "The law in most of the United States, as in England, has rejected the principle of moral consideration, even though some exceptional cases of liability on promises made without present consideration may still exist as in the case of promises

954

to pay debts barred by the Statute of Limitations, or by a discharge in bankruptcy. Such cases are now rested on other grounds and moral consideration as such is held insufficient to support a promise. There can be no question that in most states a plaintiff would invite disaster if he endeavored to support an action on a promise on the theory that the promise was supported by moral consideration without more." Williston on Contracts, Revised Edition, Section 148, Page 522.

The reasoning adopted herein is the same as that pursued by Judge Harrington in Tubbs v. McCabe in the Superior Court of Delaware, 5 W.W.Harr. 327, 165 A. 336, 337. There, action was brought upon a judgment on a note which had been scheduled in a bankruptcy of the judgment debtor in Virginia. The only issue is stated as follows: "The defendant does not deny that he expressly promised to pay the plaintiffs' debt but claims that the action must be on the new promise on which their rights are based. He further claims that as such promise was made in the State of Virginia, by the express provisions of a statute of that state such promise, to be effective, must be in writing." The court held that the action was brought properly on the old judgment. The following are pertinent excerpts from the opinion, omitting citations:

"The effect of a discharge in bankruptcy may, therefore, not only be waived by a failure to plead and prove such discharge * * * but it may also be waived by a clear and specific promise to pay made by the bankrupt at any time after his petition is filed.

*　　*　　·　*　　*　　*

"In this country it is clear, however, that no new consideration is necessary to support the promise of a bankrupt to pay a debt the mere collection of which has been barred by the Bankruptcy Act.

*　　*　　*　　*　　*

"True, the new promise may, as a general rule, even be conditional and such a promise, if made, is the measure of the plaintiffs' right whether relied on to raise the bar of the statute of limitations, or in a case where a defendant has been adjudicated a bankrupt (1 Willist. on Contr. §§ 196, 203; 7 Rem. on Bankr. § 3506); but where the statute of limitations is involved it is well settled in this state that the action should be on the old debt and not on the new promise to pay. * * *

"This can only be on the ground that the defense of the statute is waived * * * and the same general principles naturally apply to promises to pay made by a bankrupt. Restatement of the Law on Contr., vol. 1, § 86; 7 Rem. on Bankr. § 3499.

"In fact, the old theory that the rights of the plaintiffs in such cases are based on a moral consideration has now been very generally exploded. 1 Willist. on Contr. § 148.

"It is true that for some reason a specific promise to pay is necessary to remove the bar of the statute in bankruptcy cases while a promise to pay will be inferred from a mere acknowledgment of a subsisting demand where the statute of limitations is involved * * *, but whatever the reason for this difference may be, it does not affect the rule above stated."

From the facts and the law as we see it, our conclusions are: 1. The debt owing the objecting creditor is the same obligation from which the bankrupt received a discharge in his first bankruptcy. 2. Having waived his discharge as to this debt, he cannot seek a second discharge from the same obligation. To permit him to do so would be an abuse of process and an imposition upon the court. A qualified discharge is being entered today in which the objecting creditor's debt is excluded on the ground that the bankrupt had been relieved of the obligation under the Bankruptcy Act and had waived his right thereto.