GOLDSTEIN AND NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFFS, *v.* HUMWAY, DEFENDANT.

South Euclid Municipal Court, Cuyahoga County.

No. 724.   Decided June 26, 1963.

*Messrs. Hermann, Rhoa & Cummins,* for plaintiff.

*Mr. Morris Blane, Mr. Albert D. Brooker* and *Mr. Jerome Leiken,* for defendant.

KLEIN, J. On October 22, 1956, the plaintiffs filed their Petition in the South Euclid Municipal Court. The Petition alleged that the defendant "- - - who was driving a vehicle in a northerly direction on Green Road while under the influence of intoxicants, suddenly and without warning and without due regard for the safety of other vehicles in the road, swerved the vehicle he was driving across the center line of the roadway and into the southbound lanes causing it to strike plaintiff Goldstein's automobile in the left front—causing it to depreciate in the sum of $1,430.00."

On May 29, 1957, the defendant filed a Motion to Stay Proceedings on the ground that the defendant had filed a voluntary petition in bankruptcy on April 19, 1957. Plaintiffs opposed the granting of this motion on the ground that the claim set forth in the petition was one for willful and malicious injury, and; therefore, not subject to discharge under the Bankruptcy Act. On July 6, 1957, defendant's Motion to Stay was overruled by Judge Lawrence McGurk, who at that time was Judge of the South Euclid Municipal Court.

On November 2, 1957, defendant filed his Answer alleging therein that plaintiffs had been listed as creditors in the schedule filed by the defendant bankrupt in the United States District Court and that the defendant was discharged of said obligation on September 18, 1957.

On November 7, 1957, Plaintiffs filed a Reply denying that the defendant had been discharged of the obligations set forth in the Petition and stating further that this claim is "- - - not one which is subject to a discharge under the Bankruptcy Act."

On September 21, 1962, this cause came on for trial. Neither the defendant nor his attorney of record appeared although said attorney of record was notified of the trial date by mail on or about August 31, 1962. Evidence was presented by Plaintiffs that the defendant was intoxicated (a South Euclid Police Officer testified that defendant was very drunk), and the Plain-

tiff Goldstein testified that defendant crossed the center line and collided with his (Goldstein's) vehicle.

On September 21, 1962, judgment was rendered for the Plaintiffs for $1,430.00 and costs. The Journal Entry read as follows:

Case called; plaintiffs in court; defendant not; trial had. Court finds for the plaintiffs and against the defendant in the sum of $1,430.00 and costs.

On December 27, 1962, a Motion for Permanent Stay of Execution was filed by the defendant on the ground that this claim was discharged by defendant's bankruptcy. Plaintiffs objected to the granting of this Motion.

### DECISION

The sole question before this Court is whether this Motion for a Permanent Stay should be granted.

It is an elementary rule of law that a discharge in bankruptcy must be pleaded *and proved*; otherwise, the defense is waived and the resulting judgment is good. This principle is clearly stated as follows in 8 Remington on Bankruptcy, Section 3240.

"A discharge in bankruptcy is a defense against liability only where properly pleaded *and proved*. It is a purely personal defense, therefore capable of waiver and considered as waived unless properly set up *and insisted upon.*

"*The defense of discharged in bankruptcy can also be waived by consenting to adverse judgment after pleading it.*" (Emphasis added.)

8B C. J. S. Bankruptcy, Section 586b, Page 149, states the rule as follows:

"For a discharge in bankruptcy to be available as a defense - - -, not only must the bankrupt plead it, as stated supra Section 584a, *but it is incumbent on him to prove it in the action.*" (Emphasis added.)

In 6 Am. Jur., Bankruptcy, Sections 522, 524 and 525, this subject is discussed as follows:

Section 522. "*Generally*—A discharge in bankruptcy must be pleaded *and proved* as a defense in an action by a creditor against the bankrupt upon a discharged debt; otherwise, the defense is waived and the resulting judgment is good.—

"The plea of a discharge in bankruptcy is not an unconscionable or odious defense to an action to recover a debt; such a defense is not more technical or less favored by the courts than that of the statute of limitations." (Emphasis added.)

Section 524. *"Burden of Proof*—The authorities are uniform that where a discharge in bankruptcy is pleaded as a defense to an action, and the plea is traversed, *the burden is upon the defendant to prove his discharge."* (Emphasis added.)

Section 525. *"Evidence*—The authorities are not clear as to the proper manner of proving a discharge in bankruptcy. Under the earlier acts it was held that a discharge in bankruptcy might be proved by the certificate without an exemplification of the record. It is certain, however, that discharge may be proved by putting in evidence a certified copy of the order granting the discharge."

To the same effect as the above are the following court decisions:

*Gordon* v. *Davis*, 173 A., 528—In this case, the court stated as follows:

"To be effective as a defense in an action against him by a creditor whose debt was created prior to the filing of the bankruptcy petition, the discharge must, therefore, be both pleaded *and proved* by the bankrupt." (Emphasis added.)

*Tubbs et al* v. *McCabe*, 165 A., 336—In this case, the court stated as follows:

"This is apparent from the fact that in order for it (bankrutpcy) to bar a subsequent action, *it must be both pleaded and proved."* (Emphasis added.)

*Fierce* v. *Fleming*, 217 N. W., 806 (Supreme Court of Iowa). On Page 807 of its decision, the court stated as follows:

"- - - it is quite elemental that, in order for the appellants to avail themselves of the claimed satisfaction of the note by virtue of their discharge in bankruptcy, such fact must be pleaded *and proved as a defense."* (Emphasis added.)

*Bryan* v. *Orient Lumber & Coal*, 156 P., 897 (Supreme Court of Oklahoma)—Syllabus 4 in this case states as follows:

"In order to successfully maintain the defense of discharge in bankruptcy from the claim sued upon, the fact of such dis-

charge in bankruptcy must be pleaded *and proved.*" (Emphasis added.)

In the instant case, the defendant's Answer pleaded a discharge; plaintiffs Reply denied that defendant had been discharged of the obligation set forth in the Petition and further stated that plaintiffs claim was " - - - not one which is subject to a discharge under the Bankruptcy act." Since plaintiffs' Reply contraverted the affirmative defense of bankruptcy set forth in defendant's Answer, this put the defense of bankruptcy into issue. At the trial of this cause, the defendant failed to appear; therefore, no evidence of a discharge was offered in evidence. A general judgment was rendered for the plaintiffs. Since the efficacy of the defense of a discharge in bankruptcy was an issue before this Court at the time the judgment was rendered for the plaintiffs, it is now "res judicata" and cannot be relied on by the defendant as the basis for a Motion to Permanently Stay Proceedings. This rule is stated as follows in 32 Ohio Jurisprudence (2d), Judgments, Sections 307 and 308, Pages 58-61.

"No. 307. *Generally.*—It is the rule in Ohio that material facts or questions which were in issue in a former suit, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein so far as concerns the parties to that action and persons in privity with them. They become res judicata and cannot again be litigated in any future action between the same parties or privies in a collateral suit in the same or any other court, - - -

"No. 308. *Matters Not Previously Litigated—Identical Causes of Action.*—The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the question involved in the prior suit. In cases where there is identity of parties or their privies, subject matter, and causes of action, *it has been declared to be the settled law of Ohio that a former judgment is conclusive between the parties and their privies, not only as to matters actually determined, but also as to any other matters which could, under the rules of practice and procedure, have been determined.* In a judicial proceeding in a court of record, where a party is called upon to make good his

cause of action, he must do so by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to relitigate the same matter between the same parties. *If a party fails* to plead a fact he might have pleaded, or fails *to prove a fact he might have proven, the law can afford him no relief.* By refusing to relieve parties against the consequences of their own neglect, the law seeks to make them vigilant and careful, it has been declared." (Emphasis added.)

In reaching the above conclusion, this court is not unmindful of the decision in *Kutza* v. *Parker*, 115 Ohio App., 313, 20 Ohio Opinions, 403, 185 N. E. (2d), 53 (1962). However, the *Kutza case* involved a special situation and the court limited the scope of the decision to "an action of the kind under consideration"; therefore, this decision in no way alters the general rule promulgated by the various authorities set forth above.

In addition to failing to prove the discharge in the manner required by law, the defendant Humway also failed to appear at the trial of this cause to contravert the claim set forth in plaintiffs' Reply that this cause of action, being based on a "willful and malicious" act (driving while under the influence of intoxicating liquor), was not barred by a discharge in bankruptcy. Therefore, the issue of whether or not the defense of bankruptcy was a bar to a cause of action for damages caused by the operation of a motor vehicle while under the influence of intoxicating liquor also became "res judicata" when the court rendered its decision in this case.*

In the opinion of this court, there is still another reason why defendant's Motion to Permanently Stay should be overruled. Plaintiff's petition alleged that defendant "while under the influence of intoxicants—swerved the vehicle he was driving across the center line of the roadway—causing it to strike plaintiff Goldstein's automobile—." Defendant's Answer did not (as is required by the Uniform Rules of the Municipal

---

*It is also clear that the pleadings and the record as a whole must be examined in order to ascertain whether a general judgment is based on a "willful and malicious" act. 6 Am. Jur., Bankruptcy, Section 528; *In re Minsky,* 46 F. Supp., 104; *Jacobs* v. *Beatty,* 165 Ohio St., 596; *Carroll* v. *Jones,* 141 N. E. (2d), 239.

Courts of Cuyahoga County, Ohio) specifically deny plaintiffs' allegation that defendant was under the influence, thereby admitting the verity thereof. Furthermore, defendant did not appear at the trial of this cause to controvert the evidence presented by the plaintiff that the defendant, while under the influence of intoxicants, crossed over onto the wrong side of the road and struck the vehicle operated by the plaintiff Goldstein. (Police Officer Raymond O'Malley testified that defendant Humway was under the influence of intoxicants and Goldstein testified that the defendant crossed over the center line onto the wrong side of the road colliding with his [Goldstein's] car.)

Although there is a difference of opinion among the authorities as to whether accidents caused by the improper driving of a person (driving on the wrong side of the roadway) while under the influence of intoxicants is "willful and malicious" within the meaning of the Bankruptcy Act the weight of authority, and the best reasoned decision, support such a conclusion.

In *Rosen* v. *Shingleur*, 47 So. (2d), 141, Court of Appeals of Louisiana, First Circuit (1950) in holding that an accident caused by a person driving while under the influence of intoxicating liquor, was a "willful and malicious act," the court stated as follows:

"The appalling number of deaths in this country, and in this State resulting from the acts of drunken drivers forbids the conclusion that their acts are excusable or are anything less than malicious. The Bankruptcy Act, in my opinion, was never intended to shield such persons from the consequence of their indifference and utter disregard of the safety of others."

*In the Matter of Smith, Bankrupt*, 161 F. Supp., 896 (1956), the court stated the law as follows:

"On the crowded highways and streets of this nation, the operation of a motor vehicle by one who admits he was intoxicated at the time indicates within the reasoning of the above cases such a disregard for the lives and property of others as to prevent discharge of a judgment arising therefrom in a bankruptcy proceeding."

8 Remington on Bankruptcy, Section 3332 discusses the specific situation involved in the instant cause (a person driving

on the wrong side of the road while under the influence of intoxicating liquor) as follows:

"Drunken driving, if established, gives rise to a nondischargeable liability for damage or injury chargeable to it, and if it is accompanied by such other circumstances as * * * driving on the wrong side of the road, the aggregate recklessness even more clearly amounts to willful and malicious misconduct."

For the reasons set forth above, defendant's Motion to Permanently Stay is overruled.